## ! Huling *against* Drexell.

When the parties to a mortgage stipulate that if the interest be not punctually paid at a particular time and place, the mortgagee may elect to consider the mortgage due and payable, and sue the same ; upon a failure to pay according to the stipulation, the mortgage may be immediately sued.

If there be a stipulation, that in the event of the necessity of suing the mortgage, the mortgagee may recover, in addition to the debt and interest, damages for costs and expenses incident to the suit, this is not an usurious contract, and it may be enforced in the *scire facias* suit.

But it is error to permit the jury to find damages for the plaintiff without proof of damage.

ERROR to *Perry* county.

Francis M. Drexell against David W. Huling.

This was a *scire facias* upon a mortgage given by the plaintiff in error to the defendant in error, dated the 5th of September 1831, to secure the payment of 8000 dollars with interest, in eight years from the date.; which interest was made payable in Philadelphia every six months ; and the mortgage contained also a provision, that if the interest remained unpaid at any time for the space of thirty days after it became due, the mortgagee might sue it, &c. All the interest which was due previously to the 5th of September 1836 had been paid, and 140 dollars of the interest which fell due on the said 5th of September 1836, and the balance of the interest which fell due on that day, 100 dollars, remained unpaid for thirty days and more, when this writ of *scire facias* was sued out on the 14th December 1836, in which the plaintiff claimed to recover the whole amount of the debt and interest, and also claimed to recover, in pursuance of the terms of the mortgage, additional damages and expenses, to which he had been put in the recovery of the debt and interest.

The writ of *scire facias*, which recites the terms of the mortgage, was as follows, omitting the description of the land mortgaged, &c.

Whereas D. W. Huling lately, &c. by a certain indenture made on the 5th of September 1831, between D. W. H. of the one part and F. M. Drexell of the other part, *for* and in consideration of a certain debt of 16,000 dollars, and for the better securing the payment thereof, in discharge of a certain obligation of the said D. W. H. whereby he stood bound in the sum of 16,000 dollars, conditioned

[Huling v. Drexell.]

for the payment of 8000 dollars, at the expiration of eight years from the date, with interest, to be paid half yearly in the city of Philadelphia, on the 5th days of March and September of each year, did grant, bargain, sell, release, &c., unto the said F. M. D. (a tract of land at the mouth of the Juniata river, particularly described in the writ).

And whereas, by the said indenture, it is likewise provided and agreed, that if the said D. W. H., his heirs, executors, administrators and assigns, do and shall well and truly pay or cause to be paid unto the said F. M. D., his executors, administrators or assigns, the aforesaid debt, or sum of 8000 dollars, on the day and time in said indenture mentioned and appointed for the payment of the same, together with lawful interest as aforesaid, without any fraud or further delay ; that then, as well the said indenture and the estate thereby granted as the said recited obligations shall cease, determine and become void, any thing therein before contained to the contrary notwithstanding ; and whereas by the said indenture it is also further provided and agreed by and between the said D. W. H. and F. M. D., that in case default shall be made in paying the interest as aforesaid, which shall accrue on the said principal sum by said indenture secured, for the space of thirty days, at any time after the same shall have become due and payable according to the conditions of the said obligation before recited, then, and immediately thereupon, the said principal sum and all interest thereon due, shall be considered as having become due and payable, and the said F. M. D., his executors and administrators and assigns, shall and may immediately thereafter sue forth a writ of *scire facias* to recover the said principal and interest moneys, and all costs, charges, and expenses of every kind which the said F. M. D., his executors, administrators or assigns shall or may sustain or be put to, for or by reason of such default and in recovering the said principal, and interest moneys, as by the same indenture in our county court of common pleas for the said county of Perry, before our judges at Bloomfield in the said county, being shown, the date whereof is the day and year aforesaid, manifestly appears. And whereas the aforesaid debt or sum of 8000 dollars, and the sum of 100 dollars, a balance of interest due thereon, were not paid on the said 5th day of September last past, being the time mentioned and appointed in the said indenture, and in the condition of said obligation, for the payment of the interest of the half year next preceding said day, and the said interest remained unpaid for the space of thirty days after the said 5th day of September last, and still remains unpaid, the said D. W. H. has become liable to pay to said F. M. D. as well the principal sum of 8000 dollars as the interest aforesaid, according to the provision and agreement last aforesaid in said indenture contained: and whereas the said D. W. H. having so aforesaid made default, the said F. M. D. further suggests and avers that he has sustained and been put to expenses and charges, in and about recovering the said principal sum of 8000 dollars and the said interest, and in suing forth this *scire facias*, for costs,

[Huling v. Drexell.]

commissions and counsel fees, the further sum of 400 dollars, which the said D. W. H., by the provision and agreement aforesaid, in said indenture contained, has been liable to pay, as by the insinuation of the said F. M. D. we have received ; wherefore he hath besought us to provide for him a proper remedy in that behalf, and because we are willing that what is right in that behalf should be done: therefore we command you that by honest and lawful men of your bailiwick you make known to the said D. W. H. that he be and appear before our judges at Bloomfield at a court of common pleas there to be holden for said county on the first Monday of January next, to show, if any thing for himself he has or knows to say, why the said several tracts or pieces of land, with the appurtenances, should not be seized and taken in execution and sold to satisfy the debt, interest and expenses aforesaid, if to him it shall seem expedient ; and further to do and receive what our said court shall in that behalf consider; and have you then there the names of those by whom you shall make it known to him, and this writ. Witness the Honourable John Reed, president of said court at Bloomfield, the 11th day of November, A. D. 1836.

There was no evidence given to the court and jury but the bond and mortgage.

The court below instructed the jury that the *scire facias* might lawfully issue immediately upon the failure to pay : and that the plaintiff could recover in this form of action a sum exceeding the debt and interest for his expenses and charges.

The jury found for the plaintiff 9007 dollars 33 cents, which was an allowance of 147 dollars 33 cents for costs and charges, beyond the debt and interest.

*Watts* and *Alexander*, for plaintiff in error.
*M'Cormick*, contra.

The opinion of the Court was delivered by

ROGERS, J.—The act of 1705 gives liberty to mortgagees, at any time after the expiration of twelve months next ensuing the last day whereon the mortgage money ought to be paid, or other condition performed, to sue forth a *scire facias*.   As this limitation of time is intended for the benefit of mortgagors, they may, if they choose, dispense with it ; and here, the mortgagor, in the event of the non payment of the interest according to the stipulations in the deed, agreed that the mortgagee might issue the writ of *scire facias* immediately, to recover the principal and interest, and all costs, charges and expenses of every kind, which the mortgagee might sustain or be put to, for or by reason of such default, or in recovering the interest due. Not having complied with his contract, he cannot now complain that the *scire facias* was prematurely issued.   But it is said, that the contract is usurious and void ; but we cannot think so, as these are extra incidental charges, which arise from the failure to perform the

[Huling v. Drexell.]

contract, having nothing oppressive in their nature, and which could and ought to have been avoided by the borrower. It has been decided, that a reasonable commission, beyond legal interest, for extra incidental charges, as for agency in the remittance of bills for acceptance and payment, is not usurious. Thus a person, making claim of commission, having advanced money upon the terms of having received interest at five per cent, took bills upon Hamburg, which bills he sent there for the purpose of procuring acceptance and payment, and a remittance of the amount. The commission was charged on that transaction. Upon its being contended that this was usurious, the lord chancellor Eldon said, the first case on that point was Benson *v.* Parry, when the lord chief baron Eyre held, that a country broker, discounting bills payable in London, could not take a commission, but that was set right on an application to the court. That, according to the modern doctrine, is not usurious. So when a broker or agent advances money for his principal, he may lawfully take an extra sum or allowance for his trouble and attention, in addition to the legal interest on the money advanced. The contract here has nothing in it oppressive to the borrower; it is advantageous to the borrower and lender, when merely intended to enforce a punctual performance of the contract; nor is there the slightest pretence to say that it is intended as a cover to usury. A failure on the part of the borrower puts nothing in the pocket of the lender; on the contrary, the probability is, he will not be reimbursed the expenses which he may incur. With such stipulations, which are frequently made, persons may borrow money at a less rate of interest, as punctuality in the payment is always taken into the calculation in fixing the terms of the loan.

But it is further objected, that the court allowed the plaintiff to recover costs and expenses without any evidence. And this would appear to be true; for there was nothing in evidence, as is conceded, except the bond and mortgage, and of course nothing which could warrant the jury in giving damages to the plaintiff for costs and expenses. If there had been the slightest proof, we could not interfere; but where there is no testimony whatever, it is error to leave it, as a fact, to the jury, as has been repeatedly decided.

There is nothing in the first, third and fourth errors assigned.

Judgment reversed, and a *venire de novo* awarded.