Acheson, D. J.
The real estate of the bankrupt having been sold under an order of this court divested of liens, the distribution of the fund arising from the sale was referred to the register, to whose report the Dollar Savings Bank, a judgment creditor, has filed exceptions. The exceptions are to the disallowance, by the register, of the claim of the bank to attorney’s commissions, upon its judgment. The register states, in his report, as the ground for disallowing the claim, that the “commissions were not liquidated in the judgment, and no process was issued for the collection of the judgment.”
The bond of the bankrupt upon which judgment was confessed provides that in case of default in the payment of the principal debt, or any instalment of interest, the obligor “shall also pay all fees, costs and expenses of collecting the same, including an attorney’s commission of 5 per centum;” and the warrant of attorney accompanying the bond authorizes the confession of judgment “for the penalty of the said bond, with costs of suit and attorney’s commissions, as herein provided,” upon any default being made in the condition of the bond. Pursuant to the terms of the bond and warrant, judgment was entered in the court of common pleas, No. 2, of Allegheny county, on February 14,1878, in favor of the bank and against John Penney, the now bankrupt, “for the sum of $40,000, with costs of suit, * * * * to be released on payment of $20,000, with interest from May 1,1877, at the rate of 8 per centum per annum, and 5 per centum attorney’s commissions.”
*766 The right of the hank to attorney’s commissions was noi conditioned upon the issuing of execution upon default in payment. It had the clear right to enter judgment therein, including such commissions. Does the judgment, as confessed, include the attorney’s commissions? Undoubtedly it does. Schmidt and Friday's Appeal, 1 Norris, 524. The judgment is for the penalty of the bond, viz., $40,000, and is to be satisfied only on payment of the real debt, $20,000, with interest from May 1, 1877, (at the rate the bank was authorized to charge,) “and 5 per centum attorney’s commissions.” The attorney’s commissions are as much included in the judgment as is the interest, and as easily computed. Id.
A stipulation in a bond, or other instrument for the payment of money, that in case of the necessity of a resort to a suit the debtor shall pay and the creditor may recover a per centage as attorney’s commissions, has been sustained by repeated decisions of the supreme court of Pennsylvania, beginning with Huling v. Drexel, 7 Watts, 126, and ending with Daly v. Maitland, 7 Norris, 384. In this latter case, indeed, it was held that the specified commissions are under the control, and may be reduced at the discretion, of the-court. In the present ease the Dollar Savings Bank does not insist upon the full 5 per centum commissions, but asks the reasonable allowance of 2 per centum only on the principal debt of $20,000. It is, therefore, not necessary.now to determine whether, in the distribution of a fund raised by a judicial sale of real estate, the right of a judgment creditor to the attorney’s commissions specified and included in the judgment may be called in question collaterally, and reduced if deemed excessive.
And now, to-wit, May 24, 1880, the exceptions filed by the Dollar Savings Bank to the report of the register are sustained, and the court allow the attorney’s commissions on its judgment asked for by the bank, viz.: the sum of $400, or 2 per centum on the principal ($20,000) of said judgment, and it is ordered that said sum of $400 be paid by the assignees of the bankrupt to said bank.