OCTOBER AND NOVEMBER TERM, 1881, No. 19.

# Schneider *versus* The New York and Cleveland Gas Coal Company.

1. Where the parties to the cause agreed that the testimony before arbitrators, under the act of June 16th, 1836, should be taken by a stenographer, and that his charges should be taxed as costs, and paid by the losing party, and the arbitrators, along with their award, designated the amount of these charges, but the losing party, having paid all costs taxed, appealed without paying these charges, having objected to their taxation, and filed exceptions to them, his appeal was properly stricken from the record, under section 27 of that act.

2. These charges were taxable as costs in the cause.

3. The agreement of the parties may make services performed, or expenses incurred in the case, taxable costs, though they were not so made by the statute.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny County.*

Case by William Schneider, Sr., against the New York and

[Schneider *v.* The New York and Cleveland Gas Coal Company.]

Cleveland Gas Coal Company for alleged injuries to the land of plaintiff, through the negligent mining of the coal underlying it by the defendant company.

The defendant took a compulsory rule under the act of June 16th, 1836, and the case was referred to arbitrators. The plaintiff and the attorney for defendant entered into the following agreement:

" It is agreed that the testimony taken before arbitrators shall be taken by a stenographer, and his fee shall be taxed as costs, and paid by the losing party."

The stenographer testified that it was the understanding with both parties that he should receive forty cents per page, at which rate his fees amounted to $89.60.

The arbitrators filed their award September 9th, 1880, " in favor of the defendant, together with costs of suit." On the award was written, " Arbitrators' fees, $105, paid by defendant; stenographer's fees (not paid), $89.60." This was also entered on the docket.

On the 25th of September, at the request of counsel for plaintiff, the prothonotary taxed the costs at $116.25, which sum did not include the fees of the stenographer. Counsel objected to their being taxed as costs, and filed exceptions to the stenographer's bill, on the ground that he was solely employed by defendant, and that the bill was excessive. Later upon the same day he paid the costs as taxed, and the prothonotary entered on the docket, " Costs paid September 25th, 1880, by William Schneider, Sr." The plaintiff then appealed from the award, and filed his affidavit and recognizance.

September 27th, 1880, the following bill was filed, and noted on the docket:

" William Schneider, the defeated party, as per agreement hereto annexed,

To W. A. Schmidt, Dr.

For services rendered as stenographer, in reporting and transcribing testimony, 224 pages, at 40 cents per page, $89.60.

Received payment."

The following is a copy of the paper, referred to in the above bill, and annexed to the same:

" Schneider
*v.*
The New York and Cleveland Gas Coal Company.

No. 382, *July Term,* 1880.

It is agreed that the testimony, taken before arbitrators,

shall be taken by a stenographer, and his fee shall be taxed as costs, and paid by the losing party.

S. SCHOYER, JR.,
*Defendant's Attorney.*
WILLIAM SCHNEIDER."

It was verified by affidavit, October 2d, 1880.

Counsel for defendant then took a rule to strike the appeal from the record, for the reason that all of the costs had not been paid at the time the appeal was. taken. This rule the Court, October 30th, 1880, made absolute.

Plaintiff then took a writ of error, assigning that the Court erred in quashing the appeal, and not discharging the rule.

*A. Weidman* and *R. E. Stewart* for plaintiff in error.

The plaintiff paid all the statutory costs legally demandable. Could the prothonotary have properly assumed to pass upon a claim, with respect to which the fee bill furnished him no rule of liquidation? Should the provision of the statute, relative to costs on taking an appeal, be held to require the prepayment of other than such charges as by the law are made taxable?

No data had been furnished the prothonotary for taxing the fee of the stenographer when the plaintiff appealed. It has not even yet been duly taxed.

Plaintiff paid all the costs taxed at the time of his appeal, and the appeal being valid in other respects, the Court below could not legally dismiss it: Williams *v.* Hazlep, 2 Harris, 157; McKeown *v.* Boudinot, 1 Browne, 150; Fraley *v.* Nelson, 5 S. & R., 234; Stewart *v.* Jewell, 11 S. & R., 359; Carr *v.* McGovern, 66 Pa. St., 457.

*S. Schoyer, Jr.*, for defendant in error.

The payment of all costs is a condition precedent: Rice *v.* Constein, 8 Norris, 477.

The agreement between the parties made in advance ought to be enforced. This agreement was that the bills should be paid as other costs. It was in effect an agreement not to appeal until this bill was paid: Williams *v.* Danziger, 10 Norris, 232; Bingham's Trustees *v.* Guthrie, 7 Harris, 419.

The arbitrators awarded a precise sum for this bill: Hewitt *v.* Furman, 16 S. & R., 135.

The bill was filed before appeal was taken, and plaintiff knew of it, and was not misled.

[Schneider *v.* The New York and Cleveland Gas Coal Company.]

The opinion of the Court was filed, October 24th, 1881, by MERCUR, J.

This contention is as to the right of the Court to strike off an appeal from the award of arbitrators under the following facts : They were chosen under the compulsory arbitration law. When they met it was agreed in writing by the parties that the testimony should be taken by a stenographer (who was present), and his fee be taxed as costs, and paid by the losing party. It was further agreed that he should be paid 40 cents per printed page. He took the testimony, and at the price named his fees amounted to $89.60. The arbitrators awarded " in favor of the defendant, together with costs of suit." At the bottom of the paper, containing the award filed, was written, " arbitrator's fees $105.00, paid by defendant. Stenographer's fees, not paid, $89.60." This award, with the entries at the foot thereof, was filed and entered, by the prothonotary, on the record, on the 9th of September. On the 25th the plaintiff filed exceptions to the fees of the stenographer, and then, without paying any part of those fees, appealed from the award. By reason of their non-payment the Court struck off the appeal. This is assigned for error.

The act of 1836 makes the payment of all costs, that have accrued in the suit, a condition precedent to an appeal from the award. If they are not all paid through the fault or negligence of the party appealing, the appeal will be stricken off on the application of the opposite party. If, however, the non-payment is caused by the exclusive fault of the officer in withholding from the appellant a knowledge of the existence of a portion of them, the appeal should not be stricken off, but the payment of the omitted portion be enforced by attachment: Fraley *v.* Nelson, 5 S. & R., 234 ; Carr *v.* McGovern, 16 P. F. Smith, 457 ; Palmer *v.* Wilkinson, 23 Id., 339.

Here not only did the record show the return by the arbitrators of the stenographer's fees, but the precise sum was entered on the docket, and the attention of the plaintiff was especially called thereto. He objected to a more formal taxation, filed exceptions, and declined to pay them.

The question now presented is, were these fees taxable costs in the case ? The written agreement of the parties expressly declared they " shall be taxed as costs and paid by the losing party." Thus the agreement clearly negatives the idea that his fees should be deemed a common law claim or enforced as such. They were to be taxed as costs and paid as costs. That is, they were to be taxed as the other costs were to be taxed, and to be paid as the others were to

be paid. Such was the clear intention of the parties. The plaintiff was the losing party, and these fees were filed in the office and entered on the record in manner and form substantially like the arbitrator's fees. Why, then, shall not due effect be given to the agreement? It cannot be objected that there was no more formal taxation of them, for that was caused by the plaintiff's own act. In so far as the arbitrators could control or indicate the amount of these costs they did so. It is not now contended that the sum returned was not correct for the services rendered under the agreement. In a common law submission the arbitrators may award costs for a precise sum, and subjoin it to the award: Hewitt v. Furman, 16 S. & R., 135. It is there said: "It seems to have become the settled law in England that in a suit pending the arbitrators, unless otherwise stipulated in the submission, or directed by law, may award costs, and they are taxed by the officer."

It is, however, urged that the agreement of the parties cannot make services performed, or expenses incurred in the case, taxable costs which are not so made by statute. We think the contrary is fully sustained by the authorities.

Huling v. Drexel, 7 Watts, 126, was a case of *scire facias* on a mortgage, wherein the mortgagor agreed, on non-payment of the debt thereby secured, a *scire facias* might issue to recover the principal and interest, " and all costs, charges, and expenses of every kind " to which the mortgagee might be put by reason of default in the payment. In the Court below a judgment was recovered for $147.33 for costs and charges. In this Court the right to recover therefor was distinctly affirmed if there had been the slightest proof to sustain it, but inasmuch as there was no evidence of such costs and expenses, the judgment was reversed.

Since then it has been repeatedly ruled that the maker of a bond or note is bound by his agreement to pay attorney's commissions for collecting in case he makes default in the payment. It has been questioned whether they must enter into and form a part of the body of the judgment, or whether they may be indorsed as costs on the execution. The former view was taken in Mahoning County Bank's Appeal, 8 Casey, 158 ; Robinson v. Loomis, 1 P. F. Smith, 78, and in McAllister's Ap., 9 Id., 204.

In Schmidt and Friday's Appeal, 1 Norris, 524, the judgment was on a single bill filed, authorizing an attorney's commission of 5 per cent. It was held, the indorsement of the commission on the execution, although informal, was not material, and should be paid out of the proceeds of real estate sold on which the judgment was a lien. Thus in

[Egbert *v.* Payne.]

either aspect of the case the obligor, by his agreement, makes that costs which would not otherwise be so.   He unites it to the principal debt, so that no separate action need be brought to enforce its payment.   It is enforced either as an integral part of the judgment, or as a necessary incident thereto.

It is objected that giving these fees the effect of other costs tends to abridge the right of appeal and defeat a trial by jury.   This may be conceded.   A party, however, may, by his agreement, wholly deprive himself of a right of appeal and even of a writ of error : Andrews *v.* Lee, 3 P. & W., 99 ; Rogers *v.* Playford, 2 Jones, 181 ; Bigham's Trustees *v.* Guthrie, 7 Harris, 418 ; McCahan *v.* Reamy, 9 Casey, 535 ; Shisler *v.* Keavy, 25 P. F. Smith, 79 ; Watson *v.* Wetter, 10 Norris, 385.   It follows that he may undoubtedly clog or check the enjoyment of a right which he may wholly waive.

The fact that after the appeal was taken there was a more specific taxation of these costs, verifying the entire accuracy and correctness of the amount set forth on the record when the appeal was entered, does not change the case.   The item was legally there, and with full knowledge thereof the plaintiff declined to pay what the law required to perfect his appeal.

Judgment affirmed.

GORDON and TRUNKEY, JJ., dissent.