## R. M. Holland and the Borough of Braddock, Terretenant, Plffs. in Err., *v.* James Sampson, for Use of Peoples Savings Bank of Monongahela City.

In an action of sci. fa. sur-mortgage, containing the condition that on default for thirty days in payment of any instalment of interest or principal the whole amount of the mortgage debt shall become payable,—*Held*, that a warrant drawn by a borough and sent, after thirty days' default, to the mortgagee to pay the instalment, which was returned as not being for the proper amount due, followed by a second warrant, for the amount of the instalment and interest, sent to the mortgagee and returned by him with notice that he would not accept less than the whole amount of the mortgage debt, was not such payment as would protect the mortgagor from liability to pay the whole mortgage debt, as due.

*Held*, further, that a scire facias issued to collect the whole mortgage debt is not a process to enforce a forfeiture, but to execute the conditions of a lawful contract.

(Argued October 28, 1886.    Decided November 15, 1886.)

October Term, 1886, No. 93, W. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.    Error to the Common Pleas No. 1 of Allegheny County to review a judgment for plaintiff for want of a sufficient affidavit of defense in an action of sci. fa. sur mortgage.    Affirmed.

The mortgage in suit was a purchase money mortgage given January 31, 1885, by R. M. Holland to the Peoples Savings Bank of Monongahela City.    It was conditioned for the payment of $3,500 in payments of $500 on October 1 in each year until paid, with interest at the rate of 4 per cent, payable semi-annually October 1, and April 1, in each and every year until the whole principal sum was paid.    It contained the usual sci. fa. clause allowing its foreclosure upon default in the payment of the instalments in the following terms:    In case any instalment

Cited in Warwick Iron Co. v. Morton, 7 Montg. Co. L. Rep. 87, Affirmed in 148 Pa. 75, 23 Atl. 1065, refusing to restrain the foreclosure of a mortgage, which became due by reason of the mortgagor's default in the payment of interest.

NOTE.—For averments necessary in a scire facias sur mortgage, see note to Schupp v. Schupp, 1 Sad. Rep. 283.

of principal or interest shall remain due and unpaid for the space of thirty days after the sum becomes due and payable, the whole amount of said mortgage debt shall become due and payable.    In February, 1885, Holland conveyed the land mortgaged to the borough of Braddock.    The first instalment of interest became due April 1, 1885, and the first instalment of principal and the second instalment of interest became due October 1, 1885.    Nothing was paid the mortgagee and no demand of  payment was made by it until September 30.    The defendant paid into court the sum of $643.71 in full of interest and the first instalment of principal, admitted to be due plaintiff, and filed an affidavit of defense as to the balance, setting out the facts above stated, and alleging that a warrant was drawn by the said borough of Braddock for $640 October 5, 1885, which was forwarded to the plaintiff October 10, 1885 ; that the plaintiff did not present the warrant for payment to the treasurer of the borough, but retained it until October 16, 1885, when they sent it back to R. M. Holland, through whom it had been forwarded, assigning as a cause for returning that it was not the amount due on the mortgage.    Thereupon the borough of Braddock ordered a second warrant drawn for the sum of $643.71, being the payment of the $500 instalment and $140 interest due October 1, 1885, with interest upon $70 due April 1, 1885, to October 15, 1885, and interest upon $640 from October 1, 1885, to October 15.    This warrant was forwarded to the plaintiff by mail October 20, 1885, but was not presented for payment, but was retained until October 27, 1885, when it was returned to the borough of Braddock with the notice that plaintiff would not accept less than the full amount of the mortgage with interest due thereon, and that unless the same was paid within thirty days the sci. fa. would be issued upon said mortgage.

Plaintiff's attorney entered a rule on defendants to show cause why judgment should not be entered against them for want of a sufficient affidavit of defense, which rule was subsequently made absolute, and judgment was entered for plaintiff for the full amount of the mortgage debt and interest, and the defendant took this writ, assigning as error the action of the court in making the rule absolute.

*Smail & Duncan,* for plaintiffs in error.—Any act on the part of one seeking to enforce a forfeiture or penalty, which can fair-

ly be construed as an intention to dispense with a strict compliance with the terms of the contract, or which excuses it on the part of the insured, will usually be regarded as a waiver, and such acts or conduct may be set up to estop the company. Herman, Estoppel, § 1207, p. 1347.

A breach of condition may sometimes be waived by the silence of one of the parties. "Where one has been silent when he ought to have spoken, he shall be debarred from speaking when conscience requires him to be silent." Bigelow, Estoppel, 452.

The question whether the mortgagee intended to waive the default, as evidenced by his acts, is also a question of fact for the jury, and the court below should have so decided. Albert v. Grosvenor Invest. Co. L. R. 3 Q. B. 123.

The creditor cannot treat a failure to pay as a default, working forfeiture, without first demanding payment of the instalment. 2 Jones, Mortg. 1179; Pancoast v. Haas, 1 W. N. C. 264.

The law abhors forfeitures and penalties; and it is said, in all cases of penalty or forfeiture, equity will relieve if compensation can be made, and the default is only in time. 1 Ohio, 21.

This is a case of forfeiture or penalty, the penalty being the obligation of the mortgagor, by his default, to pay the whole debt years before he had contemplated. Our remedy by scire facias upon mortgage is a substitute for the chancery bill of foreclosure, and the same principles are sometimes applicable. Ewart v. Irwin, 1 Phila. 78.

*Geo. R. Lawrence,* for defendant in error.—The clause providing for the immediate maturing of the debt is not inserted as a mere security, but as a solemn compact limiting the duration of the credit; time is the very essence of the contract. Huling v. Drexell, 7 Watts, 126: 12 Vesey, Jr. 289; Baldwin v. Van Vorst, 10 N. J. Eq. 577.

Mortgage conditions limiting the period of credit have been expressly decided to be neither a forfeiture nor penalty. Ferris v. Ferris, 28 Barb. 29; Andrews v. Jones, 3 Blackf. 440; Drexel v. Canal & R. Co. 6 Phila. 503.

Equity will not relieve even against a forfeiture, where time is of the essence of the contract. Brown v. Vandergrift, 80 Pa. 142; Becker v. Smith, 59 Pa. 469.

That the default arose in the payments of interest is not ma-

terial as the interest is not an incident of the debt, but, *pro tanto,* the debt itself. West Branch Bank v. Chester, 11 Pa. 290, 51 Am. Dec. 547.

Where a mortgagor relies on a waiver he must show that he has complied with the condition upon which the agreement to waive the default was predicated. Odell v. Hoyt, 73 N. Y. 344.

PER CURIAM:

Saying nothing whatever about the failure to pay the first instalment of the principal when it fell due, admittedly there was no such payment of the first instalment of the interest provided for in the mortgage. Hence, by agreement of the parties, the entire debt became due and payable, and the scire facias was properly issued. This is not a process to enforce a forfeiture, but to execute the conditions of a lawful contract. Huling v. Drexell, 7 Watts, 126.

The judgment is affirmed.