## Breeden v. Duquesne National Bank.

*Appeal from award of arbitrators—Striking off—Failure to pay costs.*

1. An appeal taken from an award of arbitrators will be stricken off where plaintiff failed to pay the accrued taxed costs within twenty days after the entry of the award as required by the Act of June 16, 1836, § 27, P. L. 715.

2. Tender of the costs after the expiration of the time is too late.

Rule to strike off appeal from award of arbitrators. C. P. Allegheny Co., July T., 1922, No. 542.

*Waldo P. Breeden,* for plaintiff.

*K. W. Warmcastle, Reed, Smith, Shaw & McClay* and *E. W. Smith,* for defendant.

ROWAND, J., Nov. 30, 1926.—This is before the court on a rule to show cause why an appeal taken by the plaintiff from an award of arbitrators should not be stricken off because of plaintiff's failure to pay the accrued taxed costs within the time provided by law.

The act regulating appeals from an award of arbitrators, Act of June 16, 1836, § 27, P. L. 715, provides, *inter alia:*

"Either party may appeal from an award of arbitrators to the court in which the cause was pending at the time the rule of reference was entered, under the following rules, regulations and restrictions, viz.: Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action.

"Such appeal shall be entered, and the costs paid, and recognizance filed within twenty days after the entry of the award of the arbitrators on the docket."

It appears from the deposition taken on the rule that on July 10, 1926, Norman Keller, Esq., associated with Messrs. McCook and Jarrett, counsel for defendant, after several calls, received from the office of Waldo P. Breeden, Esq., the award, and, after taking the award to the several offices of the arbitrators, paid each their fee of $5, and had them receipt for same as being paid by the attorneys for the defendant. The award was then filed in the prothonotary's office of this court.

It further appears from the record that on July 24, 1926, the plaintiff, acting as his own counsel, appeared at the prothonotary's office and took his appeal. At the time the costs were taxed, including the arbitrators' fees of $15, and Mr. Breeden paid at that time but $1 in cash. Upon the docket the following entry appears: "Oct. 11, 1926, received from Waldo P. Breeden $18.00 by check for costs receipted for by him on July 24, 1926; arbitrators' and docket fee."

This entry, we take it, was made subsequent to the receipt of a letter addressed by Mr. Breeden to Thomas Tyson, deputy prothonotary, under date of Oct. 11, 1926, reading as follows: "You will find that I initialed for docket and arbitrators' fees at 542, July Term, 1922. The defendant claims to have paid the arbitrators, so the checks herewith for $18.00 is to cover docket fee and arbitrators' fees. If this is O. K., please have it credited accordingly."

It is apparent from the record that the plaintiff who took the appeal did not pay all the costs accrued within twenty days after July 10, 1926, the date of the award of the arbitrators; and, further, that on July 24, 1926, the date of the appeal, that there were taxed on the docket costs amounting to $18, which were not paid by the plaintiff until Oct. 11, 1926.

In this we conclude that the plaintiff failed to comply with the provisions of the statute as above referred to, and his appeal must be stricken off.

Breeden v. Duquesne National Bank.

Mr. Justice Mitchell, in speaking for the court in the case of Schrenkeisen et al. v. Kishbaugh et al., 162 Pa. 45 (46), said: "It is well settled that the payment of all the taxed costs is a condition precedent to an appeal from an award of arbitrators, and the rule has even been held to extend to a stenographer's fees made part of the costs by agreement of the parties: Schneider v. Gas and Coal Co., 98 Pa. 470; and it must be actual payment in money."

### Order.

And now, to wit, Nov. 30, 1926, the rule to show cause why the appeal from the award of arbitrators should not be stricken off is made absolute.

From William J. Aiken, Pittsburgh, Pa.