L. & N. Sales Company *v.* Stuski, Appellant.

118

Argued June 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN and WATKINS, JJ.

*Charles S. Schermer,* for appellant.

*Samuel M. Brodsky,* for appellee.

OPINION BY WATKINS, J., November 14, 1958:

This appeal is from the refusal of the court below to open a judgment, entered by confession, under power given in a note executed by the defendant in favor of the plaintiff. The note was executed in conjunction with a conditional sales contract which was a purchase money security agreement for the purchase of 123 Bev-Flo pourers from the sales outlet of the manufacturer of the pourers.

The defendant offers by way of defense three major premises: Breach of warranty of fitness for a particular purpose; claim that the stipulated collection fee was excessive, oppressive and unconscionable; and that the court below was without jurisdiction to hear and determine the petition to open judgment.

The defendant after solicitation by an agent of Beverage Control Sales Co. of Philadelphia, Inc., manufacturer of Bev-Flo pourers, agreed to purchase 123 pourers. The pourers were held out by the manufacturer as being an attachment for bottles used in dispensing alcoholic drinks which would measure and

count each drink dispensed, thereby enabling the owner to dispense uniform size drinks, and secure an accurate inventory of drinks dispensed and gain complete control over this phase of his business. Defendant purchased the pourers for these exact reasons. The pourers were installed on September 21, 1955. On September 28, 1955 a purchase contract was signed, which contract did not release or limit any warranties by the seller.

The same day an express written warranty of marketability was given in lieu of all other warranties express or implied and all other liabilities or obligations on its part. On October 5, 1955, a purchase money security agreement in the nature of a conditional sales contract was executed by the plaintiff and defendant. This agreement stated that purchaser hereby acknowledges delivery and acceptance of the following described article, in its present condition, after thorough examination, without warranty, guarantee or representation of any kind or nature.

The defendant, according to the uncontradicted testimony, experienced difficulty with the pourers shortly after their installation in that, the meters did not register accurately, the drinks poured were not consistent in that, one would be large, another small, and that it was impossible to have any control over the business or inventory under these circumstances. The seller's service man attempted to correct the defects and prevent the mechanism from sticking by use of lubricating oil and other means, but was apparently unsuccessful. The defendant after making one monthly payment defaulted and judgment was confessed for the unpaid balance, plus collection fees.

That the plaintiff is not a holder in due course as payee of the note is obvious, since it was a distributor, under the control of the manufacturer seller, and sub-

ject to the defense of breach of warranty of fitness for a particular purpose. *Sisemore & Kierbow Co. v. Nicholas,* 149 Pa. Superior Ct. 376, 27 A. 2d 473 (1942). This transaction having been consummated subsequent to the enactment of the Uniform Commercial Code is therefore governed thereby. Act of 1953, April 6, P. L. 3, 12A PS §1-101.

The conditional sales contract, although being a purchase money security interest in the goods, the sale being controlled by the article on sales, is still a security agreement and its force and effect controlled by Art. 9, Sec. 206 (3) which expressly prohibits such an agreement from limiting or modifying warranties made in the original contract of sale, as follows: "(3) When a seller retains a purchase money security interest in goods the sale is governed by the Article on Sales (Article 2) and a security agreement cannot limit or modify warranties made in the original contract of sale." Therefore, the conditional sales contract, regardless of language contained therein, under the present circumstances cannot be considered as limiting or releasing plaintiff from liability on any warranty made by the seller at the time the sales contract was executed, since the security agreement was executed subsequent thereto for the purpose of securing the credit extended to the defendant.

The express written warranty of merchantability also could not exclude or modify the warranty of fitness for a particular purpose because these warranties are not inconsistent, and the warranty of fitness is expressly saved from such exclusion by Art. 2, §317 (c) of the code, as follows: "(c) Express warranties displace inconsistent implied warranties other than an implied warranty of fitness for a particular purpose." And, although it ostensibly superseded all other warranties, the clear and specific language required by

Art. 2, §316 (a) of the code was not used. This section reads as follows: "(a) All implied warranties are excluded by expressions like 'as is', 'as they stand', 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty."

The time within which a contract of sale must be rescinded must be within a reasonable time under the existing circumstances. In the present case rescission was attempted a month and a half after the pourers were first used. The defendant, according to his uncontradicted testimony, was very desirous that the pourers should work properly, and gave the manufacturer every opportunity to make them work, which appears reasonable. That the manufacturer guaranteed the quality of material and offered to service or replace all the pourers, did not deprive the defendant of his right to rescind as soon as he was satisfied that the pourers could not be made to work satisfactorily. *Frantz Equip. Co. v. The Leo Butler Co.*, 370 Pa. 459, 88 A. 2d 702 (1952).

An application to open a judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court, and on appeal the question is whether the court kept within the bounds of its discretional power. *Singer v. Ritter*, 167 Pa. Superior Ct. 154, 74 A. 2d 520 (1950). Any defense offered must be meritorious and supported by clear, precise and indubitable testimony. The refusal of the court below to open this judgment and let the defendant into a defense in the face of an offer of such a meritorious defense supported by clear, uncontradicted testimony in this record, so that the many questions of fact so raised might be submitted to a jury for determination,

constitutes such an abuse of discretion that the court below must be reversed.

The collection fee stipulated in a judgment note is subject to the equitable control of the court, and it is within the court's discretion whether to reduce the fee or not. Each court is familiar with the usages and fees of those practicing within their jurisdiction, and unless they clearly abuse their discretion, their decision will not be disturbed on appeal. The fee stipulated is for collection and not merely the entry of a judgment. In one case the fee might be liberal while in other's quite the contrary. The circumstances of the present case indicate no abuse of discretion by the court below and we shall affirm their decision on this point.

The question of jurisdiction raised by the defendant is without merit. The Act of June 13, 1957, P. L. 291, Sec. 1, 17 PS §693.1 (b) sets forth the following: "If an action is pending before the court of common pleas of Philadelphia County, and the value of the matter or thing in controversy does not exceed the maximum amount over which the Municipal Court of Philadelphia has original jurisdiction as disclosed by the pleadings, pre-trial conference, discovery or otherwise, it shall transfer the action to the Municipal Court of Philadelphia for hearing and decision." The present case is not pending within the meaning of this act. The legislature clearly did not contemplate the transfer of an action after judgment has been entered.

The order of the court below is reversed, the judgment directed to be opened and the defendant let into a defense.