## Galloway v. Cameron Auto, Inc.

*Nelson M. Galloway*, in propria persona.
*Howard B. Krog*, for defendant.

WICKERSHAM, *J.*, November 25, 1974—This matter is before the court on preliminary objections filed by defendant, Cameron Auto, Inc., in the nature of a motion to strike, a motion for more specific pleading and a demurrer.[1]

According to the amended complaint, on May 2,

---

1. Pa.R.C.P. 1017(b)(2), (b)(3), (b)(4).

1973, plaintiff purchased a new automobile from defendant car dealer. On May 7, 1973, approximately six hours after plaintiff received delivery of the vehicle, it allegedly ceased to operate altogether. On this initial occasion and on several occasions thereafter, plaintiff brought back the automobile for servicing and advised defendant of serious difficulties with the clutch and/or transmission mechanisms. Each time, employes in defendant's service department inspected the vehicle and attempted to make the necessary repairs. Plaintiff, however, maintains that in spite of defendant's repair efforts and repeated assurances that the defects would be corrected, the automobile has never functioned safely and properly. Therefore, plaintiff contends that on April 4, 1974, he returned the vehicle to defendant demanding either a new car or a refund of the purchase price. Defendant refused plaintiff's demand but made further offers to repair the vehicle, which plaintiff then rejected.

Plaintiff filed a complaint seeking to recover the purchase price of the vehicle as well as car rental costs, whereupon defendant filed preliminary objections. By order of court dated June 25, 1974, Judge Caldwell granted defendant's preliminary objections, giving leave to plaintiff to file an amended complaint. Thereafter on September 11, 1974, an amended complaint was filed with the court, to which defendant filed preliminary objections and the matter came before the court for oral argument.[2]

## DEMURRER

Defendant claims, as a basis for the demurrer,

2. Pretrial Argument Court held October 15, 1974, before Judge Richard B. Wickersham; Nelson M. Galloway, Esq., pro se, and Howard B. Krug, Esq., for defendant.

that plaintiff is not entitled to ground his action on an implied warranty of merchantability or fitness for purpose in that such warranties have been expressly excluded as stated in the sales contract. Although it may be true, as defendant contends, that plaintiff has failed to state a claim under an implied warranty of merchantability or fitness for purpose, yet plaintiff's allegations, if subsequently supported by the evidence, would indicate a claim based on a revocation of acceptance pursuant to the provisions of the Uniform Commercial Code as adopted in Pennsylvania.

Section 2-608 of the Act of April 6, 1953, P.L. 3, as amended, 12A PS §2-608, provides:

"(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it

"(a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

"(b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

"(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

"(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them. 1953, April 6, P.L. 3, §2-608, eff. July 1, 1954. Reenacted 1959, Oct. 2, P.L. 1023, §2, eff. Jan. 1, 1960."

Although in the amended complaint, plaintiff has not specifically alluded to either a "revocation of acceptance" or the above statutory provisions, the averments in paragraph 19 suggest exactly such actions as could constitute a valid revocation of acceptance:

"19. On April 4, 1972, plaintiff returned the VW to defendant, and demanded either a refund of the purchase price, or a new car. Defendant refused plaintiff's demand, and merely offered to repair the VW again, which plaintiff refused."

Paragraph 10 sets forth similar allegations.

Furthermore, even though plaintiff finally surrendered the vehicle to defendant fully 11 months after the date of purchase, his action may nevertheless be sufficient to meet the statutory requirements of section 2-608, 12A PS §2-608. While notice of revocation of acceptance must be made within a reasonable time after discovery of the grounds for such revocation, since this remedy will generally be resorted to only after attempts at adjustment have failed, the reasonable time period should extend, in most cases, beyond the time in which notice of breach must be given, beyond the time for discovery of non-conformity after acceptance, and beyond the time for rejection after tender: Uniform Commercial Code Comment 2, 12A PS §2-608; L. & N. Sales Co. v. Stuski, 188 Pa. Superior Ct. 117 (1958); Braginetz v. Foreign Motor Sales, Inc., 76 Dauph. 1 (1960). In the instant case, plaintiff allegedly delayed taking any dispositive action pending defendant's unsuccessful attempts to remedy the defects in the automobile. For these reasons, the demurrer is hereby denied.

## MOTION TO STRIKE

A motion to strike is appropriate where the pleading lacks conformity to law or rule of court or because of the inclusion of scandalous or impertinent matter.

Here, defendant first contends that plaintiff has requested damages that are not available under the Uniform Commercial Code. In paragraphs 20 and 21 of the amended complaint, plaintiff has alleged with specificity his damages, including the purchase price of the vehicle, sales tax and finance charge in addition to car rental costs per day for substitute transportation. The fact that the relief requested is not justified is not a ground for attacking the complaint. In Spadel v. Zarlinski, 39 D. & C. 2d 452 (1966), the court overruled a motion to strike on the grounds that plaintiff claimed improper damages, noting that at the pleading stage plaintiff is merely required to aver the relief which he seeks while defendant is not required to plead to plaintiff's demand for relief. See also Farnsworth v. Dorcon, Inc., 50 D. & C. 2d 366 (1970).

Finally, defendant cites material in the amended complaint of an allegedly scandalous and impertinent nature. Defendant's contention has no merit. The material brought to the attention of the court is mere surplusage; such matter, where not injurious or prejudicial, need not be stricken but may be ignored by defendant: Good v. Ging, 5 Lyc. 97 (1955). The motion to strike is overruled.

## MOTION FOR MORE SPECIFIC PLEADING

In the motion for more specific pleading, defendant maintains that (1) plaintiff failed to make specific allegations regarding the identity of defendant's agent with whom he dealt and the neces-

sary agency relationship involved, and, additionally, that (2) plaintiff failed to state definitively the basis for his action. There is no doubt but that the amended complaint could have been drafted in a more proficient manner. However, the only consideration under Pa.R.C.P. 1017(b)(3) is that the complaint inform the adverse party of what he will be required to meet at trial: 4 Standard Pa. Pract. §§24, 34. Beyond this, defendant has the full range of discovery rules available to seek any additional information desired in the preparation of the case.

Judge Sohn in Catina v. Markley, 77 Dauph. 330 (1961), analyzed the specificity of pleading required at page 335:

"Since the advent of the Rules of Civil Procedure a defendant has a right by depositions, interrogatories, and physical examinations to be fully informed as to the particular injuries involved. In Sudar v. Borough of Conway, 18 Beaver County L. J. 57 (1956), it was held that a defendant is not harmed by the refusal of a motion for a more specific complaint, since discovery proceedings are available to help him get any appropriate information. Furthermore, in Moore v. Petroleum Heat and Power Company, C. P. No. 6 Philadelphia County, June Term, 1955, No. 3893 (1956), Judge Flood pointed out:

" 'Nowadays, with our expanded discovery procedure, we should not delay the litigation by requiring amended pleadings where it is doubtful what is sought is basic fact or evidence. Rather, we should remand defendant to discovery proceedings, when the specific items of special damage which plaintiff seeks to recover are pointed out in his pleading, even though these items are not, themselves, further itemized.'

"In conclusion, we must find that the averments of negligence and the injuries sustained are set forth with sufficient particularity to enable the defendant to prepare his defense and to be informed with sufficient exactness of the basis on which recovery is sought. Any insufficiency can easily be remedied through the use of discovery provided by the Rules of Civil Procedure."

This court held similarly in Levine v. Lerner, 94 Dauph. 484 (1972).

Considering the amended complaint in its entirety, we find that it is sufficiently specific to apprise defendant of what it will be required to meet at trial and, accordingly, we overrule the motion for more specific pleading.

## ORDER

And now, November 25, 1974, the preliminary objections in the nature of a motion to strike, a motion for more specific pleading and a demurrer are overruled. Defendant may answer or otherwise respond to the amended complaint within 20 days of the date of this order.