419 A.2d 1255

**Henry P. BUCCI and John Sciarretti, Individually and trading and doing business as Bucci and Sciarretti Asphalt Paving Company**

**v.**

**Louis R. PAULICK, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1979.

Filed May 2, 1980.

Robert L. Campbell, Pittsburgh, for appellant.

Richard F. Welch, Pittsburgh, for appellees.

Before PRICE, J., and HESTER and MONTGOMERY, JJ.

HESTER, Judge:

Presently before the court is Appellant's appeal from the entry of a money judgment entered upon a directed verdict for Appellees. Following the denial of Appellant's Motion for New Trial, this timely appeal followed.

We reverse and remand for a new trial.

The facts may be briefly summarized as follows: Appellant–maker entered into a written contract with Appellees–payees whereby appellees were to install asphalt paving at Appellant's apartment building parking lot. The paving job was completed in May, 1975, and appellant was to have paid the price in full upon completion.

Payment in full upon completion was not made however, and on September 10, 1975, Appellant made payment to Appellees, by tendering to them a check for $6,500.00 and a promissory note of even date in the face amount of $7,593.00 and bearing interest at 10% per annum. The note was due six (6) months from its date. Appellees agreed to this payment schedule.

Payment was not made by Appellant–maker when the note became due, and subsequently, appellees–payees sued on the promissory note.

Appellant filed an Answer and New Matter to Appellees' Complaint in Assumpsit wherein Appellant alleges

"8. Subsequent to September 10, 1975, it became apparent to Defendant that the work and materials provided by the Plaintiff to the Defendant and the installation of asphalt made by the Plaintiffs was improperly done, defective and deficient. Thereby resulting in a failure of consideration in that the binder and top course of the pavement was insufficient and un—uniform thickness and improperly installed and furthermore, in that the base of slag was not properly installed compacted and was not of a uniform thickness throughout the installation."

"9. As a direct and approximate result of Plaintiff's deficient and improper installation of materials thereby constituting a breach of his obligations to the defendant. The defendant's pavement has become cracked and has lifted up and split in major portions of the paved area and will in large measure be necessary to replace at the great cost and effort of the Defendant, and such costs of replacement far exceeds the value of the note given on September 10, 1975. Thereby constituting a full and complete failure of consideration and a total defense to this action."

Thereafter Appellees filed a Reply to New Matter wherein they denied that the materials and installation were improper, defective and deficient; rather, Appellees claimed that the materials and paving work was done in a proper and workmanlike manner.

Succinctly stated, Appellees brought suit on the note; Appellant attempted to defend on the underlying asphalt contract.

The case was tried before Judge John P. Flaherty and a jury on September 14, 1977. Appellee John Sciarretti testified for the Appellees. In response to objections by appellees, appellant Paulick's testimony was strictly limited to the circumstances surrounding the execution of the note. Specifically the lower court precluded appellant and his available expert witness(es) from giving testimony concerning the alleged defective material and poor workmanship involved in the asphalt job. The lower court reasoned:

". . . We have an action brought on an instrument. The question is if the payee in this case is a holder in due course, then at least and in this action the failure of consideration would not be material (T48).

. . . But if in fact legally (Appellee) is a holder in due course, then the defense of want of consideration is foreclosed (T.55)."

Accordingly, at the close of Appellant's court–limited testimony, the court granted Appellee's motion for a directed verdict. Appellant filed a Motion for New Trial which was denied on April 11, 1978, by a court *en banc.* Judgment was thereafter entered upon payment of the verdict fee on April 28, 1978, in the amount of $9197.57. It is from the entry of this money judgment that this appeal has been taken.

It is agreed by the parties and this Court, that the instant case is subject to and governed by the provisions of the Uniform Commercial Code, hereinafter "UCC" (Act of 1953, Apr. 6, P.L. 3, 12A P.S. § 1–101.)

A review of the record convinces us that the lower court was correct in classifying appellees/payees of the note as "holders in due course".[1] U.C.C. § 3–302 provides in relevant part:

(1) A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

(2) A payee may be a holder in due course.

We disagree however with the lower court's conclusion that as "holders in due course", the appellees/payees are not

1. However, in *L & N Sales Company v. Stuski*, 188 Pa.Super. 117, 146 A.2d 154 (1958), we concluded that a payee/distributor, under the control of the manufacturer seller, was not a holder in due course, and therefore subject to the defense of breach of warranty of fitness for a particular purpose.

subject to the defense of failure of · consideration. We believe that in the instant case, they are.

UCC § 3–305 provides in relevant part:

To the extent that a holder is a holder in due course he takes the instrument free from

(1) all claims to it on the part of any person; and

(2) all defenses of any party to the instrument *with whom the holder has not dealt.* (emphasis added)

The record is clear that appellees/payees dealt *directly* with appellant/maker.

On cross–examination:

Q. What was that contract? What was the underlying thing that was to be accomplished?

A. The work performed at Lou Paulick's apartment building.

Q. Who was to actually accomplish the work? Was the Company to accomplish the work or were you to sublet it or what?

A. My company was to perform the work. (R.14a–15a)

Q. So we can agree that perhaps a couple months after September 1975, Mr. Paulick brought to your attention what he felt or what he announced to you were in his opinion problems with the job?

A. Yes. (R.25a)

Appellant generally concurred with Appellees' above recollection:

. . . And up until that point, the paving was in generally good repair. It wasn't until after I gave the note that the paving started to break up. (R.63a)

And critically,

Q. Can we agree, sir, that the note was taken by you and given by Mr. Paulick for certain asphalt paving work that was done by you?

A. Yes, (R.28a–29a)

There appears to exist an inherent definitional inconsistency between § 3–302(2) and § 3–305(2). As in the case at

Bar, appellees/payees are "holders in due course" (§ 3–302(2)) and at the same time have dealt *directly* with the appellant/maker (§ 3–305(2)); *quaere*, do the holders in due course take the instrument (note) free from the defense of failure of consideration?

We believe that they do not. We conclude that appellees, as parties to the underlying transaction out of which the *execution* of the note arose and, *at the same time, payees* on the note upon which the instant lawsuit was brought, even as holders in due course, are not free from a defense of any party (here the appellant–maker) with whom they *have dealt*. We therefore, conclude that the defense of failure of consideration, should have been available at trial[2] to appellant/maker.

Therefore, we reverse and remand for a New Trial consistent with this Opinion.

PRICE, J., files a dissenting statement.

PRICE, Judge, dissenting:

The majority has presented the basic facts underlying the controversy presented in this appeal. It is my opinion, however, that the trial court should be affirmed since I believe the defense of failure of consideration is not available to appellant under the facts here presented.

Section 3–408 of the Uniform Commercial Code[1] provides:

"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course,

2. The lower court indicated that had Appellant raised its defense of failure of consideration on the underlying contract via a counterclaim rather than by Answer and New Matter, evidence supporting said defense would have been admissible:

("... but it would seem to me that all could have been avoided by the filing of a counterclaim." T.54); and in its Opinion: "(Appellant) failed to file a counterclaim on the underlying contract, and merely alleged in "New Matter" that the underlying contract had been breached.

We believe that the aforementioned purely technical distinction is neither critical nor dispositive of the instant controversy.

1. 12A P.S. § 3–408.

*except* that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." (Emphasis supplied)

In my opinion, the above–cited section applies directly to the promissory note in this case and to the circumstances of the note. If no consideration is necessary, as I believe, then appellant may not utilize the defense of failure of consideration.

I would affirm the order of April 28, 1978, denying the grant of a new trial.