**In the Matter of HOLIDAY MEAT PACKING, INC., Debtor.**

**Lester BREAKSTONE, Trustee, Plaintiff,**

v.

**CITICORP INDUSTRIAL CREDIT, INC., Defendant.**

**Bankruptcy No. 81–00030.
Adv. No. 81–0130.**

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 3, 1984.

Bela A. Karlowitz and Berkman, Ruslander, Pohl, Lieber & Engel, Pittsburgh, Pa., for Citicorp.

Robert W. Parker, Jr. and MacDonald, Illig, Jones & Britton, Erie, Pa., special counsel for trustee.

Vedder J. White and McClure, Dart, Miller, Kelleher & White, Erie, Pa., pro se for trustee.

MEMORANDUM AND ORDER ON AP-
PLICATIONS FOR ATTORNEY
FEES AND EXPENSES OF SE-
CURED CREDITOR AND TRUSTEE
FOR TURNOVER OF ACCOUNTS
RECEIVABLE COLLECTIONS

WILLIAM B. WASHABAUGH, Jr.,
Bankruptcy Judge.

The amount to be allowed Citicorp's New York home office counsel and its Pittsburgh co-counsel for attorney's fees and expenses rendered in connection with their client's pre-petition and post-petition security interests against inventory and accounts receivable is before us on its petition therefor and the application of the trustee for an Order directing said creditor to pay over the sum of $44,336.20 it received in payment of the account of one of the debtor's customers, Norris Food Corporation. Defense is asserted of an alleged right to set off or retain the funds in its possession for application on the claimed fees and expenses asked in the initial petition in the sum of $55,755.25 later amended to $71,418.55 because of subsequent services in the preparation of the creditor's proof of claim.

The debtor owed Citicorp $2,001,710.83 on the date of the filing of the Chapter 11 proceeding, January 19, 1981 under its pre-petition security interest the financing agreement in connection with which provided for advancements of up to 85% of the debtor's receivables. A post-petition security interest was approved after hearing by Order dated January 21, 1981 under which credits up to 70% of outstanding receivables were authorized and advances of $1,442,-455.40 were made thereon. The outstanding balances of the creditors' advances were reduced by continual payments of the pledged receivables direct to Citicorp which it stipulated it collected without effort other than opening the mail and depositing the checks, and it was obvious at all times it would never have to resort to repossession or sales of inventory for payment of its claims. All amounts due it under both security interests were fully paid from receipts of the receivables and it held the first mentioned sum of $44,336.20 remitted by Norris Foods in addition thereto.

Citicorp incurred expenses in having its counsel from New York and Pittsburgh attend a hearing February 6, 1981, on the petition of the debtor for authority to use cash collateral consisting of the accounts receivable receipts with which Citicorp's pre- and post-security interests were collateralized which the debtor requested to be held on 48 hours notice February 6, 1981 on the ground that its attempts at reorganization would otherwise collapse. Authority to so use said collateral was denied February 9, 1981 after the hearing of February 6, 1981 which continued until 7:30 p.m., and all sums under both secured transactions have been fully paid at this time in addition to the $44,336.20 received without legal assistance on the Norris Food account as above. The case was converted to Chapter 7 February 12, 1981.

The identical financing agreements underlying both of the security interests provided for payment of legal fees and expenses of collection deemed necessary by the creditor in paragraph 7 thereof, and in the liberal definition of the term "obligations" in paragraph 1. We are impressed with the fact that many of the creditor's alleged expenses such as the chartering of a private jet plane for transporting New York counsel to the above hearing which Pittsburgh counsel was eminently qualified to take care of by himself, the providing of a security guard for the debtor's inventory when such protection was adequately provided by debtor, (it was apparent at all times that the creditor would not have to resort to such inventory for payment of its over-secured advances, it having been sold at public auction for over $4,000,000.00 and far in excess of all secured claims), and the flight expenses to and from New York of another employee so he could be with his family weekends, were ridiculous as ably shown to be by the trustee's special counsel along with a number of other items. However, the overall sum of $55,725.05 initially requested would not be unreasonable in view of the amounts of the advances and the necessity of representation of the creditor in the Chapter 11 proceeding as held in *Advance Printing & Litho Company,* 277

F.Supp. 101 (W.D.Pa.1967) affirmed at 387 F.2d 952 (3rd Cir.1967).

 It is uniformly held that collection fees provided for in a security agreement and added to the amount of its secured lien are the property of the creditor, not the attorney, although the amount thereof are based on the amount of reasonable legal charges sustainable therefor and are under the equitable control of the court as to amount: *L. & N. Sales Co. v. Stuski,* 188 Pa.Super.Ct. 117, 146 A.2d 154 (1958); *Leomporra v. American Baking Co.,* 198 Pa.Super.Ct. 545, 178 A.2d 806 (1962). The sum of $55,755.25 requested by Citicorp in its initial petition is reasonable and it is our view in view of the amount involved and the right of the creditor to be represented in the bankruptcy proceedings, it should be permitted to retain the sum of $44,326.60 it received from the Norris Foods account to apply thereagainst and the debtor's estate should be directed to reimburse it for the difference of $11,428.65.

Collection commissions of a creditor are its property, not the attorney's, although the amount thereof is limited to the allowable amount for legal fees and expenses of the creditor in connection with its required representation in connection therewith: *Foulke v. Hatfield Fair Grounds Bazaar,* 196 Pa.Super.Ct. 155, 173 A.2d 703 (1961) where it was said (from 173 A.2d 705):

> "In view of the fact that the attorney's commission for collection concededly belongs to the creditor rather than to the attorney, we are not in accord with the restricted construction for which Hatfield contends. The history of the allowance of an attorney's commission in addition to the mortgage principal and interest reveals that our appellate courts have never limited the term to mean solely the actual fee to be paid the creditor's attorney. The early case of Huling v. Drexel, 7 Watts 126, recognized the principle that the attorney's commission covers extra incidental charges in the nature of costs and expenses made necessary because the borrower failed to meet the terms of his obligation."

It is probable that an agreement to pay all out-of-pocket expenses of collection in addition to attorney's collection commissions is enforceable, but that the amount thereof that can be added to a lien of a security agreement as a secured claim payable in advance of unsecured claims should be limited to the amount of a reasonable attorney's collection fee. What the creditor's counsel are paid for their services is between the creditor and said counsel, and if the creditor expends its recoveries and assets foolishly and exorbitantly it may do so. As long as the charges do not exceed reasonable attorney fees or result in inequitable treatment of other creditors, we have no authority in the proceeding before us to require it to do otherwise.

IT IS ORDERED that the Citicorp's request for reimbursement for its legal fees and expenses be and the same hereby is granted and said fees are allowed in the sum of $55,755.25; that the trustee shall pay Citicorp through its counsel the difference between that sum and the amount it received from the Norris Food Corporation account in the amount of $44,336.20, or $11,419.35. The additional charges bringing the total to $71,418.55 are disallowed.