IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

---

### EASTERN DISTRICT—PHILADELPHIA, 1883.

---

## Womelsdorf *versus* Heifner.

1. An appeal from the judgment of a justice of the peace, which has been taken in good faith, within the prescribed time, but is defective as to certain statutory requirements, may be perfected later, and even after the time for appealing has elapsed, where no injury will thereby be done to the other party's rights.

2. A. took an appeal from a judgment obtained against him before a justice of the peace, and entered bond in the usual form for the costs. The transcript was not filed until three months later, and certified that the judgment was for "work and labor don on farmc." On the same day that the transcript was filed, leave was obtained by appellant to amend his appeal, and a bond for the debt and costs, and an affidavit that the appeal was not taken for delay, were filed in accordance with the provisions of the Act of April 20th 1876 (P. L. 43). A rule to strike off the appeal having subsequently been made absolute :

*Held*, (1) that the recognizance having been perfected, the appeal should not have been stricken off.

(2) That the transcript did not show that the claim in question was for "wages for manual labor" within the meaning of the Act of 1876.

May 22d 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *Huntingdon county :* Of January Term 1883, No. 208.

This was, in the court below, an appeal from the judgment of a justice of the peace. The following transcript was filed April 10th 1882:

8 OUTERBRIDGE.—1

## Joseph Heifner *v.* Daniel Womelsdorf.

Civil suit or claim not exceeding $100—Dissember the 14th, 1881 summons issued to John Thomson, Constable, Returnable Dissember the 20th, 1881, between the hours of 10 and 11 o'clock, a. m. Dissember the 15th, 1881, Constable returned on oath on Defendant the original summons personally by reading it to him and informing him of the Contents thareof and Now Dissember the 20, 1881, parties a pear plaintiff Claims for work and labor Don on farme fifty-two Days and a half, 52½ on hearing the parties thare proofs and Allegation Judgment referd Now Dissember the 23 1881 Judgment for plaintiff for thirty Dollars and Costs of suit $30.00

And Now January the 2 A. D. 1882 Defendant files papers with Justis offers plaintiff Judgment for $12 with Cost Det same Day notified plaintiff of same plaintiff refuses to Acept of Defendant offer.

January the 10 1882 Defendant Appeals i Am hold in $60 as bail Absolute in this case Conditional for the payment of All costs aCrued or that may be leglly recovered against the appalant.                  Joseph Logan.

Upon the same day appellant's attorney obtained leave of court to file an amended and additional recognizance. On April 17th 1882, appellant filed such additional recognizance, with Joseph Logan as surety, in the sum of $75, conditioned for the payment of the debt and costs, and on the following day filed his affidavit that the appeal was not taken for delay, &c.

On June 19th 1882, Heifner obtained a rule to show cause why the appeal should not be stricken off, for the following reasons, to wit:

(1) The appeal was not perfected within the 20 days from entry of judgment by the justice, as the law requires, or since.

(2) That there was no affidavit made by defendant, the appellant, before the appeal was taken that same was not intended for delay, &c., as required by the Act of 20th April 1876, and made a condition precedent to the right of appeal.

(3) There having been no affidavit made to found the right of appeal on, as provided by the above mentioned Act, the granting the appeal and filing same, &c., was unauthorized, null and void, and could not be amended or perfected thereafter—especially after the 20 days in which to take the appeal had expired, and in the court above, &c.

(4) Making the affidavit nearly four months after entry of judgment, and upwards of three months after transcript for appeal taken, and after the same had been filed in the court above, before the prothonotary, was a a nullity and void.

The court, after argument, made absolute said rule. The

[Womelsdorf v. Heifner.]

appellant thereupon took this writ of error, assigning for error the order making absolute said rule and striking off the appeal.

*R. Bruce Petrikin*, for the plaintiff in error.—The defendant before the justice took out the appeal himself, and did all the justice required of him; as soon as he employed counsel, the transcript was filed and leave obtained to amend. There is a long line of authorities that, if the appeal is erroneous, the appellant should be allowed to perfect it within a given time, and that it is error to quash the appeal: Means v. Trout, 16 S. & R. 349; Huntingdon v. Jackson, 2 P. & W. 431; Adams v. Null, 5 W. & S. 363; Koenig v. Bauer, 7 Smith 171. These cases all involve the substantial point here concerned and evince the desire of this court to preserve the party's right to a jury trial; they all concern the recognizance required by the Act of 1810, while this case concerns also the affidavit required by the Act of April 20th 1876, (P. L. 43, Purd. Dig. 2083-4); but the former is as imperatively demanded by the earlier Act as is the latter by the later: Woodruff v. James, 2 Weekly Notes 50. Moreover, the transcript does not show the case to be within the Act of 1876, as the work and labor may have been that of superintendence.

*R. M. Speer* (with him *H. C. Madden*), for defendant in error.—That the work was manual appears from the transcript, as it is of course to be presumed that the work was the usual sort of farm work; this has, moreover, been admitted by the other side, by asking for leave to amend and by filing his additional recognizance. The Act of 1876, supra, being remedial, should be liberally construed to effect its object; it is imperative also, and makes it a condition precedent that the affidavit shall be filed before the appeal is taken: Heitler v. Earing, 18 Pittsb. L. J. 59; Wilson v. Kelly, 31 Smith 411; Lovering v. Commonwealth, 1 Pittsb. 333; Carter v. Hess, 3 Weekly Notes 325; Mountney v. McFarland, 7 Phila. 392.

Mr. Justice PAXSON delivered the opinion of the court, October 18th 1883.

We think the court below erred in striking off the appeal from the justice. It is true the recognizance as originally taken was defective, if we regard the case as coming within the Act of 20th April 1876, P. L. 43, which requires bail for the debt and costs upon appeals from judgments rendered "for wages of manual labor." This error in the recognizance was discovered by counsel for appellant on the day the appeal was filed, and a rule was at once taken to perfect the recognizance. The court below granted leave to amend; the additional recog-

nizance was filed, and subsequently the plaintiff's counsel obtained a rule to show cause why the appeal should not be stricken off. This rule was made absolute.

The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal. So where a recognizance is defective, it is usual to allow it to be perfected where it produces no delay and does the other side no injury. The books are full of such cases.

Aside from this, it is more than doubtful whether the case comes within the Act of 1876. That Act refers only to the "wages of manual labor." The transcript is "for work and labor Don on farme." It may be argued that work and labor on a farm is manual labor. But this is a mere argument and a transcript should deal in facts. For anything that appears the work may have been that of superintendence merely. It must be remembered that the Act of 1876 is class legislation, and where one man claims a right that is not common to citizens generally, every requisite to bring the case within the Act should appear upon the docket of the justice, clearly and not argumentatively. It is especially proper to apply this rule where one of the parties is attempting to deprive his opponent of a trial by jury upon a mere technicality.

The judgment is reversed, the appeal is reinstated and a procedendo awarded.