J. A. GEISSINGER v. HELLERTOWN BOROUGH.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF NORTHAMPTON COUNTY.

Argued March 13, 1890—Decided March 24, 1890.

1. An appeal from an assessment of damages in the Court of Quarter Sessions, taken under the act of June 13, 1874, P. L. 283, is in time if notice thereof is entered in that court within thirty days from the time the award is filed, although the appeal be not certified to the Court of Common Pleas until after that period has elapsed.
2. In an action for damages for the opening of a borough street, it was not error to charge : " Was this land, after the street was opened, worth less than it was before the street was opened ? If it was, then it will be for you to say how much less, and your verdict would be for the difference, together with interest from the time of the opening." *

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 93 January Term 1890, Sup. Ct.; court below, No. 13 June Term 1885, C. P.

On April 20, 1885, John A. Geissinger, as plaintiff, filed in the Court of Common Pleas a record from the Court of Quarter Sessions, showing an appeal entered by him in the last mentioned court on October 27, 1884, from an award of viewers filed and confirmed nisi October 13, 1884, assessing damages for the opening of a street through lands of the appellant in the borough of Hellertown.

On May 11, 1885, the defendant borough entered a rule on the plaintiff to declare, or judgment sec. reg. The plaintiff filed a declaration on April 12, 1886, and on April 28th, the defendant pleaded " not guilty."

On May 16, 1887, the cause was called for trial, and continued ; the same day, on motion of defendant, a rule on the plaintiff was granted, to show cause why the appeal should not be stricken off.

---

* Correct: See Richards v. Natural Gas Co., 130 Pa. 37.

Opinion of Court below.

Said rule having been argued, on November 26, 1888, the court filed the following opinion, SCHUYLER, P. J.:

On October 13, 1884, the viewers appointed by the Court of Quarter Sessions to assess the damages occasioned by the opening of Front street, in the defendant borough, made report to said court that the plaintiff had sustained damages to the amount of $95, which report was, on the same day, filed in said court. The plaintiff, being dissatisfied with said report, on the 27th day of the same month, filed a paper in said court, of which the following is a copy: " John A. Geissinger, the above named plaintiff, being aggrieved by the report of the jurors assessing damages for him against the defendant in the above case, appeals from the same to the Court of Common Pleas of Northampton county; " to which is appended an affidavit that " it is not for delay that the above appeal is entered, but because the affiant firmly believes injustice has been done."

Thus far the appeal proceedings were entirely regular; but no transcript of the appeal was filed in the Common Pleas, until April 20, 1885. The act of assembly, giving an appeal in cases like the present, provides that " an appeal may be taken by either party to the Court of Common Pleas of the proper county, within thirty days from the ascertainment of the damages, or the filing of a report thereof in court, pursuant to any general or special act, and not afterwards : " Act of June 13, 1874, P. L. 283. We are now asked to dismiss the appeal in this case, because the transcript of the appeal was not filed in the Common Pleas, within the thirty days limitation of the act of assembly. It will be unnecessary to inquire whether the filing of the transcript in the Common Pleas is necessary to perfect the appeal provided by the act, as the present motion must be overruled on other grounds.

On May 11, 1885, the defendant ruled the plaintiff to declare. A declaration having been filed in obedience to the rule, the defendant pleaded thereto April 28, 1886, and the motion to dismiss the appeal was not made until May 16, 1887, after the case had been called for trial. We think the motion comes too late after a delay of over two years, the appellee having in the meantime taken steps to bring the cause to trial.

There are, it is believed, no reported cases directly in point, but the decisions in reference to appeals from the judgments

of justices of the peace leave no doubt as to our duty here. The act of assembly regulating the latter class of appeals, as is well known, provides that to be effectual such appeals must be entered within twenty days from the date of judgment. In Carothers v. Cummings, 63 Pa. 199, the appeal was taken more than twenty days after the day on which judgment was entered by the justice, and the Supreme Court said, "if the appellee had done anything in the case after the entry of the appeal, towards getting it ready for trial, we have no doubt this would have waived the laches in taking the appeal:" citing Sleck v. King, 3 Pa. 211 ; Marks v. Swearingen, 3 Pa. 454 ; Hoffman v. Dawson, 11 Pa. 280. The same principle has been applied to appeals from the awards of arbitrators. In Clarke v. McAnulty, 3 S. & R. 364, a motion was made to strike off a defective appeal from such an award, but it was held, the appellee having acquiesced in the appeal for more than twelve months, that for this reason alone the objection came too late. We can see no sufficient reason why the principle of these decisions, and of the many others to the like effect, which might be cited, is not applicable to the present case. Motion overruled.[1]

On October 23, 1889, the cause being again called for trial, John A. Geissinger, plaintiff, testifying in his own behalf, was cross-examined :

Defendant proposes to show by this witness that land in that neighborhood was worth more when John Geissinger, the uncle of the witness, bought it ; and defendant proposes to ask the witness whether his uncle, John Geissinger, from whom he derives his title, did not buy this land for about $200, and whether land in that neighborhood was not higher in price when he purchased it than it was immediately before the street was opened, and that at the time it was purchased the price paid for it was a fair price for the land ; offered for the purpose of testing the witness's knowledge as to the value of the property.

Objected to, because the question under consideration is the value of the land at the time the injury to it was sustained, and not the value of the land at the time John Geissinger bought it, and that it is not the proper method of arriving at the market value of the property.

Charge of Court below.

By the court: The objection is sustained; exception.[5]

James Wagner, called for defendant:

Q. How much would you give for it yourself?

Objected to as incompetent and irrelevant.

Defendant proposes to ask the witness what he would be willing to give for this property in a body.

Objected to, as irrelevant and incompetent.

By the court: The objection is sustained; exception.[6]

At the close of the testimony, the court, SCHUYLER, P. J., charged the jury, in part, as follows:

In the year 1885, the borough of Hellertown, the defendant here, opened a street within its corporative limits called Front street. The street is 60 feet in width, and it extends of that width for a distance of between five and six hundred feet through the property of John A. Geissinger, the plaintiff. The present proceeding has been instituted by Mr. Geissinger for the purpose of recovering damages for the injury which he alleges he has sustained by reason of the opening of this street through his land.

The land over which the street passes was a tract of meadow land of about eight acres, and the street passes through this land so as to divide it into two parts of unequal size. In opening the street, the borough filled in the street with cinder, at some places creating an embankment as high as two feet. The plaintiff claims that this has caused an injury to him; he says that before the street was opened, and before this filling was done, he could farm this whole piece of ground as one piece, but that now, on account of the opening of the street and the creating of the embankment, it is necessary for him to farm it in two pieces. He also alleges that this embankment prevents the irrigation of the land, or of that portion of it which lies between Front street and the railroad. He says that this is an injury to him. [He also says that now he will be compelled to fence his land on both sides of Front street in order to enable him to farm it properly and conveniently, and he claims that this is another element of damage for which he claims compensation. He also contends that in the future he may be required to lay a pavement on both sides of Front street which would cost a very considerable amount of money, first, for the

filling in of the side of the street in order to make a place for the pavement so that it would be at grade, and then for the laying of the pavement itself. I say to you, that all these matters are matters that are proper for you to take into consideration in deciding the question as to whether the opening of this street has been an injury to the plaintiff's property.] [2]

Without denying particularly that the opening of this street through the plaintiff's land has been an injury to the plaintiff in the first instance, the defendant claims that, while that may be so, yet the opening of the street was a greater advantage to the plaintiff than any disadvantages that may result to the plaintiff by that opening. The defendant claims that as soon as the street was opened the land adjoining this street on both sides, at least upon one side, became immediately valuable for building purposes, and that, as a property adapted for building purposes, it was of much greater value to the plaintiff for that purpose than it was before, merely for farming purposes. If that is true, the Supreme Court have decided that that is a matter that you have a right to take into consideration, and it is your duty to do so in determining the question whether or not the plaintiff has suffered any damage by reason of the opening of the street. In fact, the act of assembly requires that the viewers, and you are the viewers within the meaning of the act, are to take into consideration not only the disadvantages that a claimant may suffer, but you are also to take into consideration the advantages derived; and if you find that the advantages exceed the disadvantages, then the party who comes into court claiming damages has no case and your verdict would be against him.

This, gentlemen, brings you to the evidence in the case bearing upon the question of damages. . . . .

[The simple question for you, gentlemen, is this: Was this land, after the street was opened, worth less than it was before the street was opened? If it was, then it will be for you to say how much less, and your verdict would be for the difference, together with interest from the time of the opening of the street.] [2] If, however, you come to the conclusion that immediately after the street was opened the land of the plaintiff became more valuable by reason of its adaptability for building purposes than it was before, or that it was equally as

valuable immediately after the street was opened as it was before, then it will be your duty to return a verdict in favor of the defendant.

The jury returned a verdict in favor of the plaintiff for $806. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant took this appeal, assigning for error:

1. The refusal of the motion to dismiss the appeal.[1]
2. The portions of the charge embraced in [ ] [2]
5, 6. The refusal of the defendant's offers.[5] [6]

*Mr. Edward J. Fox* (with him *Mr. J. T. Woodring*), for the appellant.

Counsel cited: (1) Act of June 13, 1874, P. L. 283: McKee v. Sanford, 25 Pa. 105; Oil City v. McAboy, 74 Pa. 249; Springdale Tp. Road, 91 Pa. 260; Nescopeck Tp. Road, 14 W. N. 559. (2) Delaware etc. R. Co. v. Burson, 61 Pa. 369; Penna. etc. R. Co. v. Ziemer, 124 Pa. 560.

*Mr. B. F.* and *Mr. Wm. Fackenthall*, for the appellee, were not heard.

In the brief filed, counsel cited: (1) Bouvier v. Philadelphia, 16 W. N. 146. (2) Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411; Danville etc. R. Co. v. Gearhart, 81* Pa. 260; Watson v. Railroad Co., 37 Pa. 469; Delaware etc. R. Co. v. Burson, 61 Pa. 369; Montour R. Co. v. Scott, 11 W. N. 51. (5) Penna. etc. R. Co. v. Ziemer, 124 Pa. 571.

PER CURIAM:

We do not think the court below erred in refusing to dismiss the appeal. It was taken in the Quarter Sessions within the time required by the act of June 13, 1874. It is true, the record was not certified into the Common Pleas until more than thirty days had elapsed, but this may have been the omission of the clerk of the Sessions. Either party could have taken the record into the Common Pleas.

Nor do we find error in the charge of the court or the rulings of the learned judge upon the offers of evidence. The measure of damages; as given to the jury, was the true rule, viz., was

the land after the street was opened worth less than it was before? If so, the verdict should be for the difference. The evidence rejected was evidently intended to lay a foundation upon which to base a different rule.

The third assignment is not in proper form, and has not been considered.

Judgment affirmed.