# Commonwealth *v.* March, Appellant.

*Criminal law—Murder—Change of venue—Jurors—Challenges for cause — Judicial discretion — Witnesses — Competency — Alleged wife of defendant—Practice, O. & T.—Record—Docket entries—Clerical error—Improper certification—Error in caption—Appeal—Amendment.*

1. Change of venue is a matter largely within the discretion of the trial court and when the application is refused an appellate court will only interfere where the facts disclose an abuse of discretion.

2. Where a petition for a change of venue was filed and there was an argument of counsel thereon but no facts were proved to show the court that the accused could not have a fair and impartial trial in the jurisdiction where the crime was committed, and there was nothing to show the existence of such passion or prejudice as would prevent the jury from rendering a true verdict under the evidence, the petition was properly refused.

3. It is not error for the court to permit a defendant to be tried upon one indictment because another indictment, found by a previous grand jury for the same offense, is undisposed of at the time of the trial.

4. The action of the trial judge in refusing to sustain challenges of jurors for cause will be reversed only in case of palpable error.

5. In a homicide case where the defendant objected to the competency of a certain witness on the ground that she was his wife, which she denied, an assignment of error based on the fact that certain witnesses identified another woman present in the court room as the wife of the defendant will be disregarded where no objections were made to the questions when asked such witnesses, and no exceptions were taken to the rulings of the trial judge in this respect, and especially where it appeared that no harm was done the defendant by such identification.

6. In such case it was not error for the court to permit such witness to testify, when it appeared that the lawful wife of the defendant was living, and that the witness was not at the time of the trial nor at any other time his wife. The question of the competency of such witness was for the trial judge and where he submitted it to the jury as a question of fact, thus giving the defendant the benefit of whatever doubt there might have been in the minds of the jurors as to his marriage relations, the defendant could have no cause of complaint.

7. Where the record on appeal in a homicide case showed that every step taken in the presentation and trial of the defendant was in the Court of Oyer and Terminer, but by a clerical error the docket entries showed a certification from the Oyer and Terminer to the Quarter Sessions, it was not error for the lower court to amend the record in accordance with the facts.

Argued Feb. 9, 1915. Appeal, No. 335, Jan. T., 1914, by defendant, from judgment of O. & T. Del. Co., March Sess., 1914, No. 123, on verdict of guilty of murder of the first degree in case of Commonwealth v. George H. March. Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Indictment for murder. Before JOHNSON, P. J.

The grand jury for the December Sessions of 1913 found an indictment against the defendant charging him with murder. When the defendant was called for trial on December 18, 1913, defendant's counsel made

motions to quash the indictment and for a continuance, upon the ground that the sheriff had failed to make proper returns with his venire of the names of the jurors summoned for the December term.   The trial judge granted defendant's motion for a continuance.   Defendant was subsequently indicted by the March grand jury and tried on the latter indictment.   Defendant objected to being tried on the latter indictment while that found by the December grand jury was still pending and undisposed of.

Through an error of a clerk in the prothonotary's office the following docket entry was made: "3-4-14. Certified from the Oyer and Terminer to the Quarter Sessions."   The certification was without authority and had never been made by the court.   Based on this entry, the record when prepared for the Supreme Court was entitled "In the Court of Quarter Sessions of the Peace in and for the County of Delaware."   The error was discovered after the appeal to the Supreme Court, but before the record had been returned, and a petition presented by the district attorney to the lower court to amend and correct the record was thereupon granted. After the petition and rule in the lower court was served upon counsel for the defendant, the record was filed in the Supreme Court.   Upon petition to the Supreme Court, the record was then remitted for the purpose of correcting the clerical error, which was accordingly done by the trial judge.   Other facts appear by the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

*Errors assigned,* among others, were in refusing defendant's petition for a change of venue, and others referred to in the opinion of the Supreme Court.

*Hiram Hathaway, Jr.,* with him *Frank S. Morris,* for appellant.

*John B. Hannum, Jr.,* District Attorney, with him *William Taylor,* Assistant District Attorney, for appellee.—Change of venue is within the discretion of the trial judge: Commonwealth v. Buccieri, 153 Pa. 535; Commonwealth v. Allen, 135 Pa. 483; Commonwealth v. Cleary, 148 Pa. 26; Commonwealth v. Coyle, 3 York Leg. Rec. 171; Commonwealth v. Graham, 5 Kulp. 157.

The disposition of challenges of jurors for cause by the trial judge will only be reversed in case of palpable error. The rulings here were correct: Commonwealth v. Church, 17 Pa. Superior Ct. 39; Commonwealth v. Roddy, 184 Pa. 274.

Defendant may be tried upon one indictment when another indictment against him for the same offense is still pending and undisposed of: Commonwealth v. Clemmer, 190 Pa. 202; Rosenberger v. Commonwealth, 118 Pa. 77; Harrison v. Commonwealth, 123 Pa. 508.

Where defendant objected to the competency of a witness on the ground that she is his wife, it is not error to permit other witnesses to identify another woman in the court room as the true wife of the defendant: Commonwealth v. Webber, 167 Pa. 153.

An exception must be taken before an assignment of error can be based upon it: Commonwealth v. VanHorn, 188 Pa. 143.

The court did not err in correcting the clerical error in the record: Brown v. Commonwealth, 78 Pa. 122.

OPINION BY MR. JUSTICE ELKIN, March 8, 1915:

This record is barren of a single fact which might be deemed to be an extenuating circumstance in favor of the defendant who was convicted of the killing. The murder was wilful, deliberate and premeditated. It was not only premeditated but the methods employed in the commission of the crime were barbarous and brutal. All of the ingredients of murder of the first degree are present in this case. Back of the crime there were both motive and malice—the perpetration of a

robbery and the jealousy of a low animal nature. The evidence against appellant was overwhelming and his conviction necessarily followed. He had a fair and impartial trial according to the law of the land. No constitutional right was denied him and he was afforded every protection which the law gives one indicted for high crimes and misdemeanors. He was tried by a jury of the vicinage and defended by counsel who vainly endeavored to protect his life and liberty. He was convicted of murder of the first degree because under the evidence no other verdict was possible without a capricious disregard of the facts and circumstances. We are now asked to set aside that verdict, and the judgment entered thereon, upon technical and to some extent frivolous grounds. This we do not feel at liberty to do. The assignments of error have no substantial merit, and while they have all been examined with care, many of them are not in proper form to be considered here, and none of them are sufficient to warrant a reversal.

Change of venue is a matter largely in the discretion of the trial court, and when the application is refused, an appellate court will not interfere unless under the facts that discretion was abused. In the present case there was simply a petition filed and an argument by council asking for a change of venue. No facts were proved to show the court that the accused could not have a fair and impartial trial in the jurisdiction where the crime was committed. There was nothing in the present case to show the existence of such passion or prejudice as would prevent the jury from rendering a true verdict under the evidence. This being so the petition asking for a change of venue was properly refused: Com. v. Buccieri, 153 Pa. 535. Nor is there any merit in the contention that the court erred in permitting the defendant to be tried upon one indictment when another indictment had been previously presented to a grand jury. This question was squarely ruled against

the contention of appellant in Com. v. Clemmer, 190 Pa. 202. The same may be said as to the assignment which relates to the refusal of the trial court to sustain challenges of certain jurors for cause. It has been said over and over again that nothing short of palpable error in this regard will justify a reversal: Com. v. Church, 17 Pa. Superior Ct. 39; Com. v. Roddy, 184 Pa. 274-287.

Complaint is also made that certain witnesses identified Annie Sweeney, the wife of defendant, in the court room, and it is argued that this was improper. As the record is here presented the merits of this contention cannot be discussed. It certainly did the defendant no substantial harm, and his counsel must have been so impressed because he made no objection when the questions were asked and took no exception to the ruling of the trial judge in this respect. This assignment must therefore be disregarded: Com. v. VanHorn, 188 Pa. 143.

Under the ninth assignment complaint is made that the testimony of Mary Louise Barber was improperly admitted upon the ground that she was the wife of defendant. The answer to this contention is that the lawful wife of defendant was living and that Mary Louise Barber was not at the time of the trial nor at any other time his wife. Indeed, the learned trial judge might very properly have decided as a matter of law that Mary Louise Barber was not the lawful wife of defendant, and if he had so decided, there would have been no doubt about her right to testify. He did not do so but left this to the jury as a question of fact, and thus gave defendant the benefit of whatever doubt there might have been in the minds of the jurors as to his marriage relation. This assignment is also without merit.

Equally lacking in merit is the contention that it was error to amend the caption of the case as it appeared upon the record when the appeal was taken. The record itself shows that every step taken in the presentation and trial of the defendant was in the Court of Oyer and

Terminer.  By a clerical error the docket entries showed a certification from the Oyer and Terminer to the Quarter Sessions.  That this was a clerical error is not denied and the learned trial judge permitted the record to be amended in accordance with the facts.  That this can be done was expressly ruled in Brown v. Commonwealth, 78 Pa. 122.

We can add nothing of value in disposing of this appeal by discussing the numerous assignments of error not already referred to.  They have no substantial merit under the facts of the case at bar, and certainly do not furnish the slightest foundation upon which to base a reversal.

Judgment affirmed, and record remitted to the court below for the purpose of execution.