## Gaitley's Adoption.

Argued January 28, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and MAXEY, JJ.

*F. M. Mackin,* for appellant.

*A. G. Rutherford,* with him *J. Wilson Ames,* for appellee.

PER CURIAM, March 16, 1931:

Stephen Madden and Mary Madden, his wife, petitioned the court below to be allowed to adopt Blanche Marie Gaitley, a grandniece of the former, who had been living with them for the preceding four years. The court below decreed the adoption prayed for, which, though opposed by other members of the child's family, the court decided would be for the minor's good. Michael J. Madden, a brother of Stephen Madden, appeals from this decree, alleging lack of jurisdiction of the court.

In Wayne County, where this case originated, there is but one judge, who has sole jurisdiction both of the orphans' court and the court of common pleas. Petitioner's papers were captioned, as were also respondent's, as being directed to the court of common pleas, and the proceedings docketed in that court, no objection being offered to this course throughout the hearings. Three months after final decree of adoption, appellant excepted to the decree, alleging the common pleas erred in taking jurisdiction and that the case should have been heard in the orphans' court, and on other grounds, which latter are not pressed on this ap-

peal. Following these exceptions and respondent's rule for vacation of the decree, and on petition to amend the caption on the papers involved, the court below certified all proceedings in the matter from the court of common pleas to the orphans' court nunc pro tunc, and directed that the records should be amended accordingly.

The entire proceedings were before the judge having jurisdiction, whether in the common pleas or orphans' court and we have heretofore held in many cases that an error entering a proceeding in the wrong court may be corrected and the case certified to the proper tribunal (Brickway's Case, 80 Pa. 65, 70; Com. v. March, 248 Pa. 434, 439-40), even after final decree: Brown v. Com., 78 Pa. 122, 127. Moreover, section 1 of the Act of March 5, 1925, P. L. 23, which appellant ignores, provides, "That wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court." (See Polakoff v. Marchland College of Chiropractic, 287 Pa. 28, 30; Solar Elec. Co.'s App., 290 Pa. 372, 373); appellant failed to follow this act. Finally, the court below correctly held that appellant having attended all hearings in the court below, and being represented by counsel without objecting to the jurisdiction of the court, he cannot now, after an adverse decision, object to the decree.

The decree of the court below is affirmed at cost of appellant.