## Field's Appeal.

Argued September 30, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Harold L. Ervin,* of *Lutz, Ervin, Reeser & Fronefield,* for appellants.—In a long line of decisions it has been held that jurisdiction of the subject-matter or cause of action is never waived and that an attempt to waive the same by the parties does not confer jurisdiction on the court: Wettengel v. Robinson 288 Pa. 362, 368.

It may be raised in the Supreme Court for the first time: Hill v. Twp., 129 Pa. 525; Musselman's App., 101 Pa. 165; Black v. Black, 34 Pa. 354.

The court erred in certifying the appeals from the township auditor's reports from the court of quarter sessions to the court of common pleas after the expiration of the time for taking the appeals to the court of common pleas: Dunmore Boro. S. District v. Wahlers, 28 Pa. Superior Ct. 39; Berks Co. v. Linderman, 30 Pa. Superior Ct. 119, 126; Walker's App., 44 Pa. Superior Ct. 145, 147; St. Clair Boro. v. Souilier, 234 Pa. 27, 29; Butler Boro. S. District v. School District, 64 Pa. Superior Ct. 208, 210; Mandeville v. Mandeville,

11 Pa. D. & C. 181, 182; York Co. v. Thompson, 212 Pa. 561; Lackawanna County's App., 296 Pa. 271.

The failure or neglect of the attorney for a party desiring to appeal is not sufficient ground for relief: Ward v. Letzkus, 152 Pa. 318, 319; Singer v. R. R., 254 Pa. 502, 505; Wise v. Boro., 262 Pa. 139, 144.

*Henry Gouley*, for appellee.—The supervisors' petitions to quash, filed under the Act of March 5, 1925, P. L. 23, raising the question of jurisdiction of the cause of action, were presented too late: Hanover Twp. S. Dist. v. Hughes, 17 Pa. Dist. 781; Selmer v. Smith, 285 Pa. 67; Stephens v. Lenhart, 12 Pa. D. & C. 799.

The lower court did not err in granting the taxpayer's petition to certify the appeals from the court of quarter sessions to the court of common pleas: Brown v. Com., 78 Pa. 122; Com. v. Lydick, 6 Pa. Dist. 282; Com. v. Reifsteck, 271 Pa. 441; Lackawanna County's App., 296 Pa. 271; Brackbill v. Strasburg Twp., 16 Pa. Dist. 1009.

OPINION BY MR. JUSTICE SIMPSON, November 23, 1931:

The supervisors of the Township of Upper Providence in Delaware County, Pa., filed, in the court of quarter sessions of the peace of that county, the auditors' reports on their accounts for the years 1928-29, and 1929-30. The former was filed more than a year, and the latter nearly a month, after the time provided by law for their filing. In about half the time allowed for the purpose, a resident taxpayer of the township took a separate appeal from each of those audits, but, by a mistake of his counsel, they were filed in the court of quarter sessions of the peace, where the reports had been filed, instead of in the court of common pleas, as provided by statute. Proper recognizances were given in connection with each appeal, and the respondents were forthwith notified of their filing and perfection. If objections had been promptly made because of their

being filed in the wrong court, there would have been ample time to have taken other appeals to the proper court, but, instead of doing this, respondents waited until after the time within which new appeals could be taken, and then moved the court of quarter sessions of the peace to dismiss the appeals for want of jurisdiction of the subject-matter. The objecting taxpayer then moved that the appeals be transferred to the court of common pleas nunc pro tunc as of the date of their filing. This latter motion was granted and the former dismissed, whereupon the supervisors took these two appeals within the fifteen days specified in the Act of March 5, 1925, P. L. 23, for appeals on jurisdictional questions under that statute. The order of the court below must be affirmed.

In Womelsdorf v. Heifner, 104 Pa. 1, 4, it is said: "The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal." This principle was applied in Gaitley's Adoption, 303 Pa. 200, to a case like the present. There a petition for adoption had been erroneously filed in the court of common pleas instead of the orphans' court, and was proceeded with to a hearing and final decree before the mistake was discovered. The common pleas and the orphans' court in that county had the same judges, constitutionally so provided, exactly as is the case here respecting the judges of the common pleas and quarter sessions courts. There we affirmed the transfer of the record from court to court nunc pro tunc, saying (page 202) : "The entire proceedings were before the judge having jurisdiction, whether in the common pleas or orphans' court, and we have heretofore held in many cases that an error in entering a proceeding in the wrong court may be corrected and the case certified to the proper tribunal (Brickway's Case, 80 Pa. 65, 70; Com. v. March, 248 Pa. 434, 439-40), even after

final decree: Brown v. Com., 78 Pa. 122, 127." In the case last named, the transfer to another court was allowed nunc pro tunc in a murder case after a writ of error had been taken. See also Com. v. Reifsteck, 271 Pa. 441, 444.

Appellants frankly admit that: "The courts...... have permitted appeals to be filed in the court of common pleas nunc pro tunc after the thirty-days' period has passed, where certain types of fraud have been averred and sustained after an investigation,......fraud of the officers upon the auditors in procuring an improper report, and fraud in preventing the taking of an appeal within the statutory period." In the instant case, however, "the thirty-days' period" had not passed, and hence the case does not fall within the rule that the courts are, generally speaking, without power to enlarge the time provided by statute for the taking of an appeal: Singer v. D., L. & W. R. R. Co., 254 Pa. 502; Wise v. Cambridge Springs Boro., 262 Pa. 139, 144. Here the record disclosed the fact that the appeals had been taken in proper time, and the only mistake made was in filing them in the wrong court, the error probably being caused by the fact that the auditors' reports were filed in that tribunal. No depositions were needed to establish the relevant facts; they were shown by the unassailable record. In Hutts v. Martin, 131 Ind. 1, quoted with approval in Zeigler's Petition, 207 Pa. 131, 136, it was said that "an appellate court has the inherent power to relieve against accident......in a proper case." So, also, it was held by Judge RICE in Plains Twp. Audit, 15 Pa. County Ct. R. 408, cited with approval in Zeigler's Petition, 207 Pa. 131, 135, that granting of appeals nunc pro tunc is within the equitable powers of the appellate court, if the time fixed by statute for taking the appeal is not thereby enlarged.

Moreover, in some of the present exceptions it is alleged that certain of the items charged for and allowed were for public money appropriated by respondents to

their own use; in others that such money was alleged to have been paid by them to their employees in excess of the salaries fixed for the services of the latter; and in others that payments had been duplicated. It is also alleged "that the books, vouchers, payrolls and papers, etc., provided for by law for the administration of the affairs of said supervisors, etc., for the year 1929, have been destroyed and are not available to your affiant. That said destruction was caused by the voluntary and wilful act of one or more of the said supervisors, and further that the said destruction was intended to prevent a review on appeal of the expenditures of the said supervisors and to prevent an examination thereof by your affiant, or any other taxpayer so interested."

It is not possible to understand how any self-respecting official would seek to prevent an investigation of such charges; he should be swift to seek a consideration thereof by the court. It is unnecessary to decide whether or not appellants, if appellee's charges are found to be true, would be guilty of such a fraud as would justify an appeal on this ground alone, even after the statutory time for taking it had expired, (Zeigler's Petition, supra; York Co. v. Thompson, 212 Pa. 561), though, it must be admitted, they are perilously near averring deliberate fraud. For present purposes, it is sufficient to repeat what we said in Lackawanna Co.'s App., 296 Pa. 271, 278: "A court of justice......will never permit a public official to take and keep the funds committed to his care, if there is any legal way to prevent it." The action of the court below does prevent it in a legal way.

The orders appealed from are affirmed and each appeal is dismissed at the cost of appellants.