## Sturtz v. Counonie

*Paul A. Koontz*, for plaintiff.

*Richard W. Lins*, for defendant.

WRIGHT, P. J., June 19, 1945.—Plaintiff obtained judgment before a justice of the peace, and defendant appealed. We have before us two rules. Plaintiff seeks to strike off the appeal on the ground that defendant did not give sufficient bail. Defendant asks permission to amend and perfect the bail.

The body of the recognizance in question recites that defendant and the Travelers' Indemnity Company are bound as bail absolute to plaintiff for the payment of all costs that have accrued or that may accrue as well as the debt and interest. However, this obligation was signed by defendant only. Attached to it is a power of attorney from the Travelers' Indemnity Company to one of its representatives, but said representative inadvertently failed to sign. The transcript of the justice of the peace contains the averment that defendant appealed and gave bail.

In Womelsdorf v. Heifner, 104 Pa. 1, the lower court struck off an appeal from a justice of the peace, and the Supreme Court reversed using this language (p. 4) :

"The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken

in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal. So where a recognizance is defective, it is usual to allow it to be perfected where it produces no delay and does the other side no injury."

In Kerr et al. v. Martin et al., 122 Pa. 436, the lower court struck off an appeal from an award of arbitrators for the reason that the only surety upon the recognizance was the sheriff, and he was ineligible by rule of court. The Court reversed on the ground that the proper course was to rule the appellant to perfect his bail within a specified period, or in default thereof to have his appeal quashed. Reliance was placed upon the interesting opinion of Chief Justice Gibson in Means v. Trout, 16 S. & R. 349.

In New Castle Metal Products Co. v. Campbell, 131 Pa. Superior Ct. 367, Judge Keller points out the difference between cases wherein a defective recognizance is filed and cases wherein no recognizance whatever is filed. In the former type of case the established practice is to permit the appellant to perfect the recognizance or to file an amended one nunc pro tunc and not to dismiss the appeal until an opportunity to do so has been given. In the latter type of case the appeal will be stricken off because the statutory requirement is wholly lacking.

In the present case defendant attempted to comply with the statute. He did file a recognizance, although it was inadvertently signed by himself alone. The recognizance as filed passed the inspection of the magistrate. We are clearly of the opinion, therefore, that the case falls within the first category outlined by Judge Keller. Hence the following

### Decree

Now, to wit, June 19, 1945, rule to strike off appeal to be discharged if proper bond is filed within 15 days, otherwise rule absolute. Rule to amend and perfect bail made absolute.