## Carney *v.* Hughes, Appellant.

Argued April 21, 1958. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Harry W. Miller,* with him *Van der Voort, Royston, Robb & Leonard,* for appellant.

*William J. Krzton,* with him *Esler W. Hays,* for appellees.

OPINION BY GUNTHER, J., June 11, 1958:

On February 7, 1958, on motion of counsel for plaintiffs the case involving this appeal was ordered trans-

ferred from the County Court of Allegheny County to the Court of Common Pleas.

The suit originally arose out of an automobile accident which occurred on May 14, 1953. Plaintiffs filed their action in trespass in the County Court September 13, 1954 for damages to the automobile of David Carney and personal injuries to David Carney and Robert B. Carney. On October 21, 1957, when the case came on for trial it was continued due to illness of one of the plaintiffs.

On January 27, 1958, counsel for the plaintiffs presented a petition for leave to amend the complaint and to transfer the case to the Court of Common Pleas of Allegheny County.

The petition represented, inter alia, that at the time of the filing of the action on September 13, 1954, in the County Court plaintiffs believed that their injuries were not too serious, that subsequently their physical condition got worse and that on March 31, 1957 one of the petitioners was compelled to undergo a serious surgical operation to the spine; petitioners further represented that their injuries and damages far exceeded their expectations and that their recovery should be in excess of $2,500.00 each.

The lower court upon consideration of the above representations granted the petition to amend and ordered the case transferred. This appeal followed.

May the County Court of Allegheny County order an action transferred to the Court of Common Pleas of Allegheny County where there is neither a set-off or counterclaim in excess of the jurisdiction of the County Court, nor another cause of action arising from the same occurrence pending in the Court of Common Pleas?

Defendant argues that to allow a transfer of the action four years after it was filed, and three years

after the statute of limitation had expired, is neither fair nor equitable. Defendant, therefore, contends that once an action is filed in County Court it may not thereafter be removed to the Court of Common Pleas except upon two conditions as provided in rule 213 of the Pennsylvania Rules of Civil Procedure: (1) when the defendant asserts a counterclaim or setoff in excess of the jurisdiction, (2) when the same occurrences of transactions give rise to more than one cause of action and separate actions are commenced in each of the Courts.

The case of *Porter v. Zenger Milk Co.*, 136 Pa. Superior Ct. 48, 7 A. 2d 77 is cited as defendant's authority for his contention. In the *Porter* case the plaintiff obtained a verdict for $5000.00 in the County Court but the amount was later reduced to $2500.00. In the instant case the petition to transfer was granted before the verdict was rendered and before the matter came to trial. The circumstances in the two cases are distinguishable.

Rule 213 (c) and (d) of the Pa. R. C. P. made it mandatory that cases be transferred over to the Court of Common Pleas in the two instances cited. There is nothing in the statutes of Pennsylvania authorizing the County Court to transfer cases to the Court of Common Pleas under the facts and circumstances set forth in the petition in this case. There is, however, nothing in the case law or in the statutes denying the County Court the power to transfer to reach a more equitable result. Other courts of Pennsylvania have exercised the power of transferring cases without benefit of express statutory grant. In *Fields Appeal*, 305 Pa. 125, 157 A. 262, the Court of Quarter Sessions transferred the case over to the Court of Common Pleas after the statutory limitation had expired.

The Act of May 5, 1911, P. L. 198, Section 13, 17 P.S. 645, gives the County Court power to permit such amendments as shall be necessary for the ends of justice. Rule 1033 of the Pa. R. C. P. also recognizes this power. If the County Court has power to permit an amendment setting forth the fact that plaintiff was unaware of the extent of the injuries and damages and if the damages are over and above its jurisdiction the court must have the power to transfer the case to a court that has jurisdiction.

The power to permit amendments impliedly includes the power to transfer the case to the Common Pleas Court. We, therefore, conclude that the action of the court below should be affirmed. Otherwise, every plaintiff who suffered personal injuries would sue for over $2500 no matter what he thought his actual damages were to guard against the possibility that his injuries might turn out to be more severe than he supposed. The County Court would thereby be unable to fulfill its purpose of handling smaller claims.

Order of the court is affirmed.