## Romberger Appeal.

12

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William S. Bailey*, with him *John B. Pearson*, and *Bailey, Pearson, Miller & Bolton*, for appellant.

*Michael J. Stack, Jr.*, Deputy Attorney General, *John R. Rezzolla, Jr., Frank E. Roda* and *Michael R. Deckman*, Assistant Attorneys General, and *Anne X. Alpern*, Attorney General, for appellee.

OPINION BY WRIGHT, J., June 10, 1959:

This controversy arises out of the reconstruction by the Department of Highways of Route No. 199 through the Borough of Elizabethville, Dauphin County. The court of quarter sessions appointed viewers to assess damages to properties owned by Edward T. Romberger and Blanche E. Romberger, his wife. On

February 15, 1955, the report of the viewers was presented to the court of quarter sessions and confirmed nisi. On March 9, 1955, the Commonwealth filed an appeal in the court of quarter sessions, alleging that the damages awarded were excessive and improper. The property owners have appealed to this court from an order dated May 12, 1958, directing the clerk of the court of quarter sessions to transfer the record as a timely appeal to the prothonotary of the court of common pleas. The intervening procedural history appears in the following excerpt from the opinion of Judge SOHN:

"On April 15, 1955, the Commonwealth filed a praecipe directed to the Clerk of the Courts, directing him to certify the record in this matter to the Court of Common Pleas. Nothing was done with respect to this matter, the Prothonotary having refused to have the matter certified to him pursuant to the praecipe only.

"On April 18, 1955, a regular motion day, a motion to quash the appeal of the Commonwealth was presented in open court by William S. Bailey, of the firm of Bailey and Rupp, attorneys for Edward T. Romberger and Blanche E. Romberger. This latter statement appears through the representation of counsel for the property owners, but said motion does not even now appear on record in the courts. On his calendar for that day, the Clerk of the Courts noted that we directed that the matter raised by the motion be placed upon the argument list.

"On June 28, 1955, the matter was argued before the court on the motion to quash. At the time of the argument, the court pointed out that the motion to quash the Commonwealth's appeal did not appear of record and was not in the files. As a matter of fact, such a motion was never filed and is not now of record.

It was simply presented in open court, according to counsel for the petitioners. The court, at the time of the argument, requested counsel to see that the motion was placed on record.

"The record remained in this shape until December 18, 1957, when in order to bring the matter to a head so that the case might be judicially determined, the court granted the Commonwealth's petition for a rule to show cause why the record should not be certified and transferred to the office of the Prothonotary of the Court of Common Pleas, pursuant to the appeal previously filed in the Court of Quarter Sessions".

Section 303 of the State Highway Law[1] provides in pertinent part as follows: "The viewers shall make report in writing to the court of quarter sessions within the time fixed by the court in its decree appointing the viewers, or such extension thereof as the court may allow. At the end of thirty (30) days after the filing of the report, if no exceptions thereto have been filed, the report shall be confirmed absolute by the court, without waiting until the next term of court. . . The county commissioners, or any other party to such proceedings, may within thirty (30) days after the filing of the report of the viewers, appeal from the award of the viewers to the court of common pleas, and shall be entitled to a trial by jury."

Appellant advances three contentions as follows: "1. The Commonwealth did not appeal and has not yet appealed to the Court of Common Pleas. 2. The thirty day time limit is mandatory. 3. The Court of Quarter Sessions cannot transfer the appeal to the Court of Common Pleas". There is actually no controversy concerning the first two of these contentions. The appeal from the award of viewers was admittedly addressed to the court of quarter sessions and filed in

---

[1] Act of June 1, 1945, P. L. 1242, 36 P. S. 670-303.

that court. Furthermore, we agree that the time limit set forth in the statute is mandatory, and an appeal attempted after that period will be quashed. See *Department of Highways v. Pa. P.U.C.*, 189 Pa. Superior Ct. 111, 149 A. 2d 552; *St. Clair Borough v. Souilier*, 234 Pa. 27, 82 A. 1099; *Appointment of Viewers*, 15 Pa. D. & C. 2d 686.

The real issue in the case is presented by appellant's third contention, and may be stated as follows: Where a timely appeal from an award of viewers is entered in the court of quarter sessions instead of the court of common pleas, the judges of the two courts being the same, may the appeal be certified to the proper court nunc pro tunc? Our answer to this question is in the affirmative.

"The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal": *Womelsdorf v. Heifner*, 104 Pa. 1. And see *Sturtz v. Counonie*, 53 Pa. D. & C. 423. The appeal in the case at bar was taken in good faith and within the time prescribed by law. The fact that it was filed in the court of quarter sessions instead of the court of common pleas is not a fatal defect. In *Geissinger v. Hellertown Borough*, 133 Pa. 522, 19 A. 412, which arose under a prior statute containing a simliar provision[2], the property owner filed his appeal in the court of quarter sessions. It was held that the lower court did not err in refusing to dismiss the appeal on the ground that a transcript was not filed in the court of common pleas within the thirty-day period. In a lower court case involving the same prior statute, the condemning authority appealed to the court of quarter sessions instead of the court of common

[2] Act of June 13, 1874, P. L. 283.

16

pleas. The appeal was not quashed but was transferred to the proper court nunc pro tunc. See *In re Richmond Street,* 11 Phila. 453.

The general rule is that an error in entering a proceeding in the wrong court may be corrected and the case certified to the proper tribunal. In *Gaitley's Adoption,* 303 Pa. 200, 154 A. 368, an adoption proceeding was filed in the court of common pleas instead of the orphans' court. The judge of the two courts was the same. The Supreme Court said: "The entire proceedings were before the judge having jurisdiction, whether in the common pleas or orphans' court and we have heretofore held in many cases that an error entering a proceeding in the wrong court may be corrected and the case certified to the proper tribunal . . . even after final decree". In *Brickway's Case,* 80 Pa. 65, a petition requesting the appointment of commissioners in a sanity proceeding was filed in the court of common pleas instead of the court of quarter sessions. It was held that, the judges being the same in both courts, an order certifying the case to the court of quarter sessions "was but a formality, and produced no substantial change in the proceeding". The rule has also been applied in the nunc pro tunc certification of a murder indictment from the court of quarter sessions to the court of oyer and terminer: *Brown v. Commonwealth,* 78 Pa. 122. See also *Commonwealth v. March,* 248 Pa. 434, 94 A. 142. And in a recent case before this court we held that the county court of Allegheny County could properly transfer a civil action to the court of common pleas even after the statute of limitation had expired: *Carney v. Hughes,* 186 Pa. Superior Ct. 576, 142 A. 2d 383.

In *Field's Appeal,* 305 Pa. 125, 157 A. 262, township supervisors filed auditors' reports in the court of quarter sessions. A taxpayer appealed from the audits,

but filed his appeal in the court of quarter sessions instead of in the court of common pleas, as provided by statute. It was noted that the error in filing the appeals in the court of quarter sessions was probably caused by the fact that the auditors' reports were filed in that court, as was the report of viewers in the case at bar. The lower court entered an order transferring the appeals nunc pro tunc from the court of quarter sessions to the court of common pleas, and the Supreme Court affirmed. The decision in the *Field* case was cited with approval in *Allegheny County Election,* 314 Pa. 183, 171 A. 694, which involved an election contest. In that case the Supreme Court said : "In the first place, if we decided that the petition filed in this case should have been filed in the court of quarter sessions of the peace instead of the court of common pleas, the judge who made the order appealed from could transfer the record nunc pro tunc from the latter to the former court".

In the case at bar the appeal was taken within the time prescribed by the statute. The judges of the court of quarter sessions and the judges of the court of common pleas are the same. The nunc pro tunc certification actually involved nothing more than a change in the name of the court. The issue was not altered. Appellants have not alleged or demonstrated that any prejudicial harm will result from allowing the appeal to stand.

Order affirmed.