## Leomporra *v.* American Baking Company, Inc., Appellant.

Argued December 12, 1961; reargued June 13, 1962.

*Lloyd A. Good, Jr.,* with him *Wesley H. Caldwell,* and *Roper & Caldwell,* for appellant.

*Jerome J. Verlin,* with him *Tullio Gene Leomporra,* for appellees.

OPINION BY FLOOD, J., March 21, 1962:

This is an appeal from the refusal of the County Court of Philadelphia to strike from the record a judg-

ment entered by confession upon a note. The note, dated November 30, 1960, called for the payment, ninety days after date, of $5,000 with interest at six per cent, and contained a warrant to any attorney to appear for and enter judgment against the plaintiffs for "the above sum . . . and with 15% added for collection fees . . ." Judgment was entered on the note on April 3, 1961, and damages were assessed as follows:

| | |
|---|---|
| "Amount due | $5000.00 |
| Interest | 100.00 |
| Attorney's fees | 750.00 |
| | |
| Total | $5850.00" |

Defendant filed a petition and obtained a rule to strike off the judgment because the amount thereof was in excess of the jurisdiction of the County Court. The County Court's jurisdiction extends to "all civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of Five thousand dollars ($5,-000.) . . ." Act of July 12, 1913, P. L. 711, §10, as amended, 17 PS 693.

Since the judgment here entered included, in addition to $5000 plus interest, an attorney's fee of $750, it would seem to be clearly beyond the County Court's jurisdiction. If it is, it must be stricken from the record without reference to the merits of the plaintiffs' claim: *Baker v. Carter,* 103 Pa. Superior Ct. 344, 157 A. 211 (1931).

The excess, consisting of the attorney's fee cannot be brought within the County Court's jurisdiction as costs: *Daly v. Maitland,* 88 Pa. 384 (1879). The counsel fee belongs to the creditor, not the attorney: *Foulke v. Hatfield Fair Grounds Bazaar, Inc.,* 196 Pa. Superior Ct. 155, 173 A. 2d 703 (1961). If it is not included as a part of the plaintiff's judgment, it cannot be recovered by endorsing it on the writ of execution as

part of the costs: *McAllister's Appeal,* 59 Pa. 204 (1869).

The last cited case makes it clear that unless the attorney's fee is made part of the judgment when it is entered, it cannot be added later by endorsement on the praecipe as interest and costs may be added when damages are assessed for execution. *Graboyes v. Kapner,* 120 Pa. Superior Ct. 4, 181 A. 385 (1935), cited by the plaintiffs, does not extend to attorney's fees, but applies solely to the addition of interest.

Attorney's fees, being part of the creditor's claim, cannot be sued for separately from his principal claim. Separate suits for the two would be an impermissible splitting of the cause of action: *Harper v. Consolidated Rubber Co.,* 284 Pa. 444, 131 A. 356 (1925).

Judgment was entered on the docket "for $5000 . . . with interest, costs, etc. 15% coll. . . ." Damages were assessed the same day in the sum of $5850. However, whether they argue that this does or does not mean that the attorney's fee is part of the judgment, the plaintiffs face an inescapable dilemma. Unless the attorney's fee is part of the judgment it is not collectible in this or any other action. If it is, the judgment is in excess of the County Court's jurisdiction and void.

The able judge of the court below, looking to the merits of the situation, refused to strike the judgment because, subsequent to the entry of the judgment, the principal together with interest in the amount of $75, was tendered to and accepted by the plaintiffs. The amount of the attorney's fee and the balance of the interest claim thereafter remained the only items in dispute and since the amount then in controversy was within the County Court's jurisdiction, the court felt that it had jurisdiction to determine the matter.

It is true that if the attorney's fee alone were being sued for the County Court would have exclusive jurisdiction. However, as we have shown, the attorney's fee

cannot be sued for separately. It must be recovered together with the principal debt. To recover this amount at all, while the principal debt remained at $5000, the plaintiffs would have to sue or enter judgment for the total of $5750. This cannot be done in the County Court.

The amount of the judgment as entered determines the court's jurisdiction, and the payment of· part of it at a later date will not give the court jurisdiction when it had none when the suit was instituted by the entry of the judgment. Conversely, if the case was originally properly entered in the common pleas court, payment of part of it thereafter would not oust the common pleas jurisdiction as the appellant seems to fear.

It appears from the opinion of the court below that the attorney for the plaintiffs attempted to enter this judgment in the court of common pleas, but that the prothonotary's clerk, to whom he presented the note and confession, entered it in the County Court. The plaintiffs, in their answer to the petition to strike, aver that it is the policy of the prothonotary's office to consider only the principal amount of the note in determining original jurisdiction. If this policy exists, it is not in accordance with the applicable statutes and cannot confer jurisdiction on the County Court.

The unfortunate result of this case, so far as the plaintiffs are concerned, points up one of the disadvantages which result from basing the jurisdiction of courts of record upon the amount in controversy. Jurisdictional limitations, once determined, are absolute and considerations of equity cannot bridge them.

The order of the court below discharging the rule to strike off the judgment is reversed and the record is remanded with direction to make the rule absolute.

SUPPLEMENTAL OPINION SUR REARGUMENT BY
FLOOD, J., July 9, 1962:

By petition for reargument the plaintiffs seek an
order permitting their suit to be transferred to the
court of common pleas on the grounds that (1) the suit
originally was instituted in the county court rather
than the common pleas court because of an error in the
prothonotary's office, (2) the county court declined
to transfer the suit to the common pleas court after
the principal obligation and certain interest had been
paid because it erroneously believed that the balance
of interest and attorney's fees could be recovered, if
at all, only in the county court, and (3) an order strik-
ing off the judgment may have the effect of depriving
the plaintiffs of any remedy to recover attorney's fees
because a separate suit cannot be brought to recover
them. In its answer the defendant contends that the
cases authorizing transfers of suits from one court to
another are inapplicable "since the initial judgment in
this case was void and could not be transferred".

Section 10 of the Act of July 12, 1913, P. L. 711, as
amended, 17 PS §693, provides, in part, as follows:
". . . The said court [Municipal Court, now County
Court, of Philadelphia] shall also have authority, with
the consent of the court of common pleas, upon the ap-
plication of the plaintiff, to transfer to that court all
suits wrongfully brought in the municipal court in ex-
cess of its jurisdiction . . ."

The general rule is that an error in entering a pro-
ceeding in the wrong court may be corrected and the
case certified to the proper tribunal. *Romberger Ap-
peal,* 190 Pa. Superior Ct. 11, 151 A. 2d 805 (1959).
In *Carney v. Hughes,* 186 Pa. Superior Ct. 576, 142 A.
2d 383 (1958), we held that the County Court of Alle-
gheny County could properly transfer a suit to the
common pleas court even after the statute of limita-
tions had expired. And in *Gaitley's Adoption,* 303 Pa.

200, 154 A. 368 (1931), the Supreme Court approved an order certifying an adoption proceeding from a common pleas court to an orphans' court after final decree, stating: "... we have heretofore held in many cases that an error entering a proceeding in the wrong court may be corrected and the case certified to the proper tribunal (Brickway's Case, 80 Pa. 65, 70; Com. v. March, 248 Pa. 434, 439-40), even after final decree: Brown v. Com., 78 Pa. 122, 127."

Where the authority and procedure for transferring a suit is set forth in a statute which, by its terms, is applicable only to "pending" causes, it may be that the right of transfer is lost once judgment is entered. See *L. & N. Sales Co. v. Stuski*, 188 Pa. Superior Ct. 117, 146 A. 2d 154 (1958). However, the act before us contains no language limiting the right of transfer to "pending" causes, and, in view of our prior appellate decisions liberally construing the right of transfer, we cannot attribute to the legislature an intention, not expressed, to so limit the right of transfer. On the contrary, the absence of any limiting language reinforces our conclusion that the legislature intended the transfer provisions in question to apply, not only to "pending" actions, but also to the large number of actions which are instituted in the County Court of Philadelphia by confession of judgment.

Since a transfer will not deprive the defendant of its right to contest the plaintiffs' claim for attorney's fees, and an order striking off the plaintiffs' judgment appears to be unduly harsh under the circumstances shown here, we have concluded that the plaintiffs' application for relief is meritorious and should be granted.

The order of this court entered March 21, 1962, is hereby vacated; the order of the court below discharging the defendant's rule to strike off the judgment also is vacated and the record is remanded with directions

to discharge the said rule in the event the plaintiffs cause their said suit to be transferred to the court of common pleas within thirty (30) days from the date of this order, otherwise to make the said rule absolute.