## Denman v. Holy Spirit Hospital

Before Shughart, *P.J.*, and Sheely, *J.*

*Richard L. Guida*, for plaintiff.
*James W. Evans*, for defendant.

SHUGHART, *P.J.*, July 31, 1978—Following the death of plaintiff's decedent on January 31, 1977, plaintiff started actions for wrongful death and survival against defendant, Holy Spirit Hospital, by complaint filed December 23, 1977. It is admitted that the causes of action are governed by the provisions of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, sec. 101, as amended, 40 P.S. §1301.101 et seq. In view of this fact defendant has filed a motion for summary judgment seeking to have the actions dismissed, alleging that the court has no subject matter jurisdiction since the act mandates that an arbitration panel has original exclusive jurisdiction to hear any claim brought by a patient or his representative: 40 P.S. §1301.309. Plaintiff has countered with a petition to have the action transferred to an arbitration panel. The matter has been argued and is now before us for decision.

It is apparent that if defendant's motion for summary judgment is granted, the statute of limitations will bar the filing of a suit before the arbitration board. For this reason we shall discuss first the merits of plaintiff's application to transfer the cause of action.

Fortunately, the procedure in our courts has come a long way from the common law pleading days when a litigant was frequently deprived of an opportunity to have his case heard because of some technical error of omission or commission in his pleadings. In order to avoid this harsh result our courts have ignored errors of procedure to accord a litigant an opportunity to have his case heard on its merits. In the days when there were two levels of civil courts in Philadelphia and Allegheny coun-

ties, transfers of cases from one level to another were permitted to avoid prejudice to a litigant who inadvertantly started a case in the wrong forum. See L. & N. Sales Company v. Stuski, 188 Pa. Superior Ct. 117, 146 A. 2d 154 (1958); Carney v. Hughes, 186 Pa. Superior Ct. 576, 142 A. 2d 383 (1958); City of Philadelphia v. Sobel, 45 D. & C. 697 (Phila. 1942). See also Leomporra v. American Baking Company, Inc., 198 Pa. Superior Ct. 545, 178 A. 2d 806 (1962); Romberger Appeal, 190 Pa. Superior Ct. 11, 151 A. 2d 805 (1959), for the general proposition that the right of transfer should be liberally contrued. In addition, prior to the adoption of the State constitutional amendments in 1968, our Supreme Court held that an adoption proceeding which was improperly filed in the common pleas court could be certified and transferred to the orphan's court rather than having the action dismissed: Gaitley's Adoption, 303 Pa. 200, 154 Atl. 368 (1931). Accord Elkins v. Derby, 115 Cal. Rptr. 641, 525 P. 2d 81 (1974).

Our appellate courts have long provided that where an appeal is taken to the wrong court within the statutory period, the appeal should be transferred to the proper court nunc pro tunc rather than dismissed with prejudice to the appealing party: Allegheny County Election, 314 Pa. 183, 171 Atl. 694 (1934); Field's Appeal, 305 Pa. 125, 157 Atl. 262 (1931). See also Freach v. Com., 471 Pa. 558, 370 A. 2d 1163 (1977), where the court held that the Commonwealth Court did not err in a sua sponte transfer of the case to common pleas court upon its determination that it lacked subject matter jurisdiction. The Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, sec. 503, 17 P.S.

§211.503(b), also provides for transfers of cases where an appeal is taken to the wrong court.[1]

In Carney v. Hughes, supra, plaintiff instituted suit in Allegheny county court. By the time the case was to come to trial, plaintiff's damages had exceeded the limited jurisdictional amount of that court and thus the case was transferred to the common pleas court. The Superior Court sustained the transfer, even though the statute of limitations had since expired. We believe this same rule should be applied here where our jurisdiction is superseded by the arbitration requirement of the Health Care Services Malpractice Act. Plaintiff has filed the complaint within the statutory time period, thereby placing defendant on notice of the cause of action against it. Although the complaint was admittedly filed before the improper tribunal, for reasons set forth above we feel it proper to overlook this procedural defect and transfer the case to the arbitration board.

Because we are granting plaintiff's petition for transfer, the filing of the complaint tolled the statute of limitations and thus defendant's motion for summary judgment must be denied.

---

1. The Appellate Court Jurisdiction Act has been repealed by the new Judicial Code, but it appears that the code also makes provision for transfers where appropriate. See the Judicial Code of July 9, 1976, P.L. 586, as amended, 42 Pa.C.S.A. §§705, 708(b), 724(b).

Pa.R.C.P. 213(f) allows the court to transfer a case to the appropriate forum where the action was commenced in a court lacking subject matter jurisdiction.

For transfers to correct improper venue, see Pa.R.C.P. 1006(e); Tyson v. Basehore, 22 Cumberland 53 (1972), aff'd per curiam, 222 Pa. Superior Ct. 572, 295 A. 2d 189 (1972).

## ORDER

And now, July 31, 1978, for the reasons stated in the opinion filed this date, plaintiff's petition for transfer is granted. Defendant's motion for summary judgment is denied.