## Widening of State Highway Route No. 199

*Bailey & Rupp*, for claimant.
*Harold R. Prowell*, contra.

SOHN, J., May 12, 1958.—On February 14, 1955, the viewers in the above stated matter filed their report, together with the testimony taken before them, the various exhibits and the briefs of counsel.

On February 14, 1955, Judge Neely confirmed the report nisi.

On March 9, 1955, the Commonwealth filed an appeal from the report and confirmation nisi, directed to the court of quarter sessions. This appeal was likewise filed in the court of quarter sessions.

On April 15, 1955, the Commonwealth filed a praecipe directed to the clerk of the courts, directing him to certify the record in this matter to the court of common pleas. Nothing was done with respect to this matter, the prothonotary having refused to have the matter certified to him pursuant to the praecipe only.

On April 18, 1955, a regular motion day, a motion to quash the appeal of the Commonwealth was presented in open court by William S. Bailey, of the firm of Bailey and Rupp, attorneys for Edward T. Rom-

berger and Blanche E. Romberger. This latter statement appears through the representation of counsel for the property owners, but said motion does not even now appear on record in the courts. On his calendar for that day, the clerk of the courts noted that we directed that the matter raised by the motion be placed upon the argument list.

On June 28, 1955, the matter was argued before the court on the motion to quash. At the time of the argument, the court pointed out that the motion to quash the Commonwealth's appeal did not appear of record and was not in the files. As a matter of fact, such a motion was never filed and is not now of record. It was simply presented in open court, according to counsel for petitioners. The court, at the time of the argument, requested counsel to see that the motion was placed on record.

The record remained in this shape until December 18, 1957, when in order to bring the matter to a head so that the case might be judicially determined, the court granted the Commonwealth's petition for a rule to show cause why the record should not be certified and transferred to the office of the prothonotary of the court of common pleas, pursuant to the appeal previously filed in the court of quarter sessions.

On January 3, 1958, an answer was filed to the petition for the rule to show cause why the appeal as filed in the court of quarter sessions should not be transferred to the court of common pleas along with the entire record in the case.

It is the contention of the property owners that the appeal cannot now be transferred from the quarter sessions to the common pleas court, that the appeal had been filed to the wrong court and that the appeal had to be perfected from one month from February 14, 1955.

The statute applicable here is the State Highway Law of June 1, 1945, P. L. 1242, art. III, sec. 303. Therein it is provided:

". . . The viewers shall make report in writing to the court of quarter sessions within the time fixed by the court in its decree appointing the viewers, or such extension thereof as the court may allow. At the end of thirty (30) days after the filing of the report, if no exceptions thereto have been filed, the report shall be confirmed absolute by the court, without waiting until the next term of court. . . . The county commissioners, *or any other party to such proceedings, may within thirty (30) days after the filing of the report of the viewers, appeal from the award of the viewers to the court of common pleas, and shall be entitled to a trial by jury.*" (Italics supplied.)

We can find no other statutory regulation prescribing the procedure on appeal other than that which is outlined in the above quoted act of assembly. The only provision is that the appeal must be taken to the court of common pleas and that it must be filed within 30 days after the viewers have made their report to the court.

In 14 Standard Pa. Practice 421, it is provided:

". . . The procedure to perfect the appeal and transfer the proceedings from the Quarter Sessions to the Common Pleas is regulated by court rule or by practice, since the statutes contain no provision upon this matter."

In Dauphin County there is no court rule bearing upon this very matter.

In Drum on "The Law of Viewers in Pennsylvania," page 94, the procedure is described as follows:

"The proper practice, undoubtedly, is to lodge an appeal in the Court of Quarter Sessions where the proceedings were instituted, in the court whose record, in part or in whole, is to be removed. When the appeal

is so lodged, at the same time or thereafter, a duplicate of appeal should be filed in the Court of Common Pleas, or the appeal may be certified from the Court of Quarter Sessions to the Court of Common Pleas. If the appeal is filed in Quarter Sessions, within the statutory period, it is not essential that the certificate or transcript be entered in the Common Pleas within that time. . . ."

In re Richmond Street, 11 Phila. 453 (1876), the appeal was filed in the court of quarter sessions and five and one-half months later the common pleas court ordered the matter filed in the court of common pleas. Thereupon, a motion to quash was filed because the appeal was not originally filed in common pleas. The court in this case held that the appeal would not be quashed and directed its filing nunc pro tunc in the court of common pleas. The court then further stated that the appeal should have been later filed in the common pleas, but the fact that this was not done within 30 days did not weaken the position that the appeal was taken and everything was done in the quarter sessions court that the law required.

In the case of Bouvier v. City of Philadelphia, 16 W. N. C. 146 (1885), the appeal was originally filed in the court of common pleas. The court said:

"We think the proper course should be to file the appeal in the Court of Quarter Sessions, and a duplicate thereof in the Common Pleas, but as the practice does not appear to be settled, we discharge this rule, upon the appellants filing *nunc pro tunc* in the Court of Quarter Sessions a duplicate of the appeal."

Again, in Lincoln v. Birdsboro, 7 Pa. C. C. 539 (1890), the procedure followed in the two above re-cited cases was approved and followed.

We have cited these old cases as showing what the practice and custom has been in the past with relation to appeals taken from viewers' reports, and for the

reason that the act in question here does not specifically say how an appeal shall be perfected other than we have already pointed out.

It is our opinion that we have authority, even at this late date, to direct the clerk of the Court of Quarter Sessions of Dauphin County to certify this entire record to the prothonotary of Dauphin County, for the reason that every effort was made to file an appeal within the time specified by the provisions of the Act of 1945. It is true that that act says that the appeal must be filed within 30 days in the court of common pleas. The delay here in bringing this matter to a head was due to the fact that counsel for the property owners did not, as this court requested, file of record the motion to quash the appeal as we had directed. It could then have been promptly decided. We believe that this whole question is decided and set at rest by the decision in Allegheny County Election, 314 Pa. 183, 188 (1934), where the Supreme Court says:

". . . 'Where proceedings have been instituted or an appeal entered in the wrong court, within the time prescribed by statute, and the judges of the two courts are the same, the one in which the proceedings were instituted, or to which the appeal was entered, may certify the record to the proper court nunc pro tunc, even after final decree': Field's App., 305 Pa. 125 . . ."

We can find no decision since 1934 contrary to this pronouncement by the Supreme Court of Pennsylvania. Accordingly, we make the following

## Order

And now, May 12, 1958, the clerk of the Court of Quarter Sessions of Dauphin County is hereby directed to transfer the entire record in the foregoing case to the prothonotary of Dauphin County, in which latter court it may be considered as an appeal filed in time within the provisions of the Act of 1945.